567 So.2d 1066 (1990)
Eugene H. HILLMAN, Appellant,
v.
Deborah T. HILLMAN, Appellee.
No. 90-00183.
District Court of Appeal of Florida, Second District.
October 12, 1990.
Tony C. Dodds and T.W. Weeks, II, Lakeland, for appellant.
No appearance for appellee.
PATTERSON, Judge.
In this post-dissolution modification proceeding, the husband challenges the lower court's order which modifies the final judgment of dissolution to substantially increase his child support obligation. We reverse.
When the parties were divorced in 1980 the trial court ordered the husband to pay a total of $300 per month for support of the parties' three minor children. By February of 1989, when the wife sought modification to permit Jason to reside with his father, the oldest child, Deena, had reached the age of majority. In June, the lower court entered an order providing for Jason's change of residence and setting child support for Jody, the other minor child, at $250 per month.
On September 17, 1989, the wife again petitioned for modification. The petition sought a change of Jason's residence back to the wife and a determination of child support for Jody and Jason pursuant to the child support guidelines. § 61.30 Fla. Stat. (1987).[1] The lower court conducted an evidentiary hearing on October 25, 1989, and on December 13, 1989, entered an order returning the primary residence of Jason back to the wife and setting child support for Jody and Jason at $340 biweekly. It is from that order that this appeal is taken.
Unfortunately, the October 25, 1989, hearing was not reported and the court's order of December 13, 1989, contains no findings as to material change of circumstances, the needs of the children, or the ability of the husband to pay the amounts ordered. The parties entered into a stipulated statement of facts in lieu of a record of the hearing, but that statement is devoid of any relevant information as to these factors.
*1067 In light of the entire proceedings between the parties during 1989, it is clear that the return of Jason to the wife's household is prima facie evidence of a substantial change of circumstances which requires an adjustment of the husband's support obligation. From the limited record we have before us it appears that the lower court set support pursuant to the child support guidelines.
In setting an amount of child support, it is fundamental that the court must consider the child's needs and the parent's ability to pay. Guadine v. Guadine, 474 So.2d 1245 (Fla. 4th DCA 1985). The child support guidelines, as helpful as they may be to an overburdened court, should not be automatically applied; the court should consider both the needs of the child and the overall financial circumstances of the parties. See Huff v. Huff, 556 So.2d 537 (Fla. 4th DCA 1990). From the record before us we cannot determine whether the lower court heard evidence as to these factors, and if so, whether it arrived at any determination in that regard. We are therefore compelled to reverse and remand for further evidentiary proceedings in which the trial court shall consider all relevant factors in determining the husband's support obligation.
As this court has recently expressed in Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989), specific findings of fact are not required in lower court support proceedings. "Certain situations," however, mandate such findings to allow for meaningful appellate review. This case, without a transcript of the hearing and without an adequate stipulated statement of facts, falls clearly within that category of "situations" wherein the trial court must provide the basis for its ruling in its order.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.
NOTES
[1] The amendments to section 61.30, Florida Statutes (1987), effective October 1, 1989, do not apply to a petition to modify filed before the effective date. See Trager v. Trager, 541 So.2d 148 (Fla. 4th DCA 1989).