574 So.2d 281 (1991)
Bruce D. COOK, Appellant,
v.
Catharine S. COOK, Appellee.
No. 90-00600.
District Court of Appeal of Florida, Second District.
February 13, 1991.
Scot E. Samis of Law Office of Charles W. Ehrlich, St. Petersburg, for appellant.
Watson R. Sinden, St. Petersburg, for appellee.
PARKER, Judge.
Bruce D. Cook appeals a trial court order which decreased his support and alimony obligations. We reverse, concluding that the trial court abused its discretion in awarding support and alimony payments in amounts that exceed Mr. Cook's present ability to pay.
A court dissolved Mr. and Mrs. Cook's marriage in 1986. Pursuant to that final judgment, Mr. Cook was to pay $400 per week as permanent periodic alimony, $200 per week as child support, $15,000 lump sum alimony payable immediately to purchase an automobile (automobile alimony), and $100,000 lump sum alimony payable at a rate of $10,000 per year plus interest. Mr. Cook was unable to pay the automobile alimony so the parties stipulated in 1987 that Mr. Cook would buy and finance an automobile for Mrs. Cook in lieu of the $15,000 automobile alimony provision. In 1987, Mrs. Cook filed a motion for entry of a judgment in the amount of $16,500 reflecting the lump sum alimony due from *282 the husband that she alleged remained unpaid as of the date of the motion. Mr. Cook filed a motion for modification and an amended petition for modification in 1988.
At the hearing on Mr. Cook's modification petition, it was established that Mr. Cook had remarried and was living in a residence owned entirely by his new wife. Following the dissolution, Mr. Cook's only business, a printing business, continued to lose money even after the addition of a printing press in the amount of $45,000. Mr. Cook's new wife financed this equipment by taking out a mortgage on her house. The new wife also loaned Mr. Cook $10,000 which he invested in his business. After Mr. Cook's father loaned the business over $79,000 and the business continued to lose money, Mr. Cook and his father agreed that the father would take over the business and assume the substantial debts that were owed. Mr. Cook received no money out of the transaction, but remained with the business as an employee until financial problems caused his father to sell the business.
Mr. Cook is now working at another printing company for a weekly take-home income of $475. Mr. Cook was able to satisfy the remaining first lump sum alimony payment by selling the last of all commercial properties he owned. He no longer owns any real estate, stocks, bonds, or any other tangible asset of value. His new wife works as a real estate agent. At the time of the modification hearing, she had not received any commissions. Mr. Cook has borrowed $74,000 on his new wife's credit line, which has a limit of $75,000.
A psychologist testified that Mrs. Cook has a psychological condition that causes her to be very fragile and unsuccessful at employment. There was evidence that Mrs. Cook had borrowed money from friends to meet her financial needs.
The trial court found that there had been a substantial change in Mr. Cook's ability to pay and ordered as follows: (1) that the child support payment be reduced to $102 per week, (2) that the permanent alimony payment be reduced to $200 per week, and (3) that the lump sum alimony payment be reduced to $110 per week. This order would leave Mr. Cook with $272.79 or 13.26 percent of his net income per month upon which to provide for himself following his compliance with the court order. It is this order from which Mr. Cook has appealed.
There is substantial, competent evidence in the record to support the trial court's finding that there had been a substantial change in Mr. Cook's ability to pay. However, in view of Mr. Cook's financial circumstances, the trial court erred in the amounts it ordered Mr. Cook to pay. We are mindful of our supreme court's caution that a mere reference to the percentage of net monthly income that the husband retains after support obligations are paid without a further examination of the circumstances of the case is not enlightening. See Pastore v. Pastore, 497 So.2d 635 (Fla. 1986). In our review of the instant case, however, we have considered all of the circumstances. There was no evidence that Mr. Cook, his father, or his new wife profited from business transactions involving Mr. Cook's business. If the trial court's award is permitted to stand, Mr. Cook would be left with $63 per week to support himself and no assets of his own upon which to draw as a source of support. Although we are not unsympathetic to Mrs. Cook's condition, the evidence simply reveals that Mr. Cook's present employment and lack of resources do not permit this court to affirm the amounts of child support and alimony contained in the trial court's order. Accordingly, we find that the trial court abused its discretion as to the support and alimony obligations it imposed upon Mr. Cook. See Santacroce v. Santacroce, 347 So.2d 815 (Fla. 2d DCA 1977); see also Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980) (court found a clear abuse of discretion when husband left with $50 per week after support obligations were paid).
Reversed and remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and CAMPBELL, J., concur.