583 So.2d 774 (1991)
Joseph T. TODESCO, Jr., Appellant,
v.
Joan E. TODESCO, Appellee.
No. 90-3370.
District Court of Appeal of Florida, Fourth District.
August 7, 1991.
*775 Michael Jeffries and Richard M. Carnell, Jr. of Neill Griffin Jeffries & Lloyd Chartered, Fort Pierce, for appellant.
Edward Campbell of the Law Office of Edward Campbell, Palm Beach Gardens, for appellee.
PER CURIAM.
The husband appeals a final judgment of dissolution. Besides an equitable distribution, the husband was called upon to pay $738 per month in child support plus 75% of the unstated cost of the child's health insurance. We reverse.
The husband's net monthly income is an unchallenged $2,375. From this total, he is already obliged to pay $1,500 per month in alimony to a previous wife. A further deduction of $738 in child support leaves him only $137 to live on. Obviously, he cannot do so.
The court did not impute any income to the husband or find that he had any of his expenses reimbursed from any source. See Garcia v. Garcia, 560 So.2d 403 (Fla. 3d DCA 1990); Seilkop v. Seilkop, 575 So.2d 269 (Fla. 3d DCA 1991). Cook v. Cook, 574 So.2d 281 (Fla. 2d DCA 1991), found that the trial court abused its discretion in awarding support and alimony payments in amounts that exceeded the husband's present ability to pay. The court's order entered upon the husband's modification petition reduced his payments, but not enough. The appellate court noted that if the order was allowed to stand, the husband would be left with $63 per week to support himself and no assets of his own upon which to draw as a source of support. Although the court in Cook was not unsympathetic to the wife's position, the "evidence simply reveals that the husband's present employment and lack of resources do not permit this court to affirm the amounts of child support and alimony contained in the trial court's order." The Cook court remanded for further proceedings citing Santacroce v. Santacroce, 347 So.2d 815 (Fla. 2d DCA 1977) and Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980).
With regard to the unstated cost of the child's health insurance, the court in Oh v. Oh, 570 So.2d 1030 (Fla. 5th DCA 1990), reversed the section of the final judgment requiring the husband to pay the wife's medical bills not covered by insurance, noting that such a requirement must specify a total financial exposure "in order to limit the liability of the paying spouse in relation to his or her ability to provide this item of support."
Additionally, child support guidelines, while helpful, are not to be automatically applied; the court should consider both the needs of the child and the overall financial circumstances of the parties. Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA 1990); Huff v. Huff, 556 So.2d 537 (Fla. 4th DCA 1990). Further, while private educational expenses may be awarded as part of child support where they are in accordance with the family's customary standard of living and are in the child's best interest, they may be awarded only where the noncustodial parent has the ability to pay for that private school. Wilson v. Wilson, 559 So.2d 698 (Fla. 1st DCA 1990); Hendry v. Hendry, 340 So.2d 942 (Fla. 4th DCA 1976).
*776 The husband's financial affidavit, sub judice, filed March, 1990, shows assets of $240,000 and liabilities of $434,352.84, including the $150,000 real estate mortgage (now in default) and we do not believe that the wife presented evidence showing that these valuations were incorrect. Thus, it appears that even though the husband does have some assets, the child support ordered is an abuse of discretion.
This cause is reversed and remanded for further proceedings in accordance herewith.
REVERSED AND REMANDED.
LETTS and DELL, JJ., concur.
GLICKSTEIN, C.J., concurs specially with opinion.
GLICKSTEIN, Chief Judge, concurring specially.
The husband has raised two issues on appeal, the second of which has been addressed by the majority. The first issue, not discussed, is whether the trial court abused its discretion in awarding the wife a twenty-five percent interest in the husband's interest in a real estate development. We have affirmed that award, albeit without discussion.