668 So.2d 1059 (1996)
Donald Pierce EDGAR, Appellant,
v.
Diane Lee EDGAR, Appellee.
No. 94-04095.
District Court of Appeal of Florida, Second District.
February 28, 1996.
*1060 Gerald C. Surfus and Philip S. Prosch of Surfus & Prosch, Sarasota, for Appellant.
Patrick R. Cunningham, Bradenton, for Appellee.
RYDER, Acting Chief Judge.
Donald Edgar seeks review of the final judgment's equitable distribution of the parties' marital assets, awards of alimony, child support and visitation provisions. The appellant contends that the court abused its discretion in awarding the appellee a property distribution, alimony and child support that exceeded his ability to pay. Further, he argues that the trial court impermissibly interfered with his free exercise of religion in setting the visitation schedule. Because we agree that the trial court abused its discretion, we reverse and remand for the trial court to reconsider the issue of property distribution, alimony and child support, but otherwise affirm with respect to the visitation schedule.
The husband is fifty-one years old and earned $54,686.00 in 1993; over the past four years, his earnings averaged approximately $50,000.00. The wife is fifty years old and presently earns approximately $7,500.00 as a day care assistant at a church day school. She holds a bachelor's degree in business administration. Although she was aware that people with her training and degree could make $20,000.00 a year, she contends that her health prevents her from working fulltime in a sedentary occupation.
The wife was previously diagnosed with a serious form of cancer, but a doctor testified that she is symptom-free at present, and the cancer has been five years in remission. She was also diagnosed with scoliosis, but she last saw her physician a year and one-half ago, and he directed her to see him only if she had a problem. She contends that her current employment allows her to change positions regularly so as to not aggravate her back condition.
The final judgment awarded the wife as permanent periodic alimony the exclusive use and possession of the marital home until her death or remarriage. The husband is required to pay her an amount currently equal to $1,523.00 per month as payment of the principal and interest on two mortgages, taxes and insurance. He also must pay any major maintenance or replacement expenses for the home which exceed $500.00. Only *1061 half of the principal payments not exceeding $500.00 are considered deductible alimony. The wife was apportioned $4,047.00 in debts, and the husband, $5,650.00.
The parties agreed that the wife would provide the primary residential care for their nine-year-old son. The child support guidelines provided that the husband would pay $746.00 per month in child support, but in light of the husband's expenses of the marital home and the total obligation of dependent health insurance and uncovered health expenses, he was ordered to pay $650.00 per month in child support. He must also provide life insurance to secure the child support payment. The medical and life insurance expense costs the husband $127.00 monthly. On weekends during which the child visits with the husband, the husband must return him from 8:30 a.m. to 10:15 a.m. Sunday mornings to allow him to attend Sunday School.
The husband's disposable net income is $3,360.00 per month. The final judgment requires the husband pay a minimum of $2,300.00 per month. However, that minimum assumes no noncovered medical expenses for the child or any maintenance expenses on the marital home. If the husband allocates a reasonable amount of $150.00 for the sum of these expenses, he is reduced to a disposable income of approximately $900.00 per month. The husband's minimal rent and utilities expense is $808.00. By adjusting the figures in the parties' financial affidavits to reflect the court's order, the wife's net monthly deficit is $60.00, while the husband's net monthly deficit is $1,118.00.
In Santacroce v. Santacroce, 347 So.2d 815 (Fla. 2d DCA 1977), we held excessive an award of alimony and child support which exceeded sixty-five per cent of the husband's available income. Here, the trial court's award exceeds seventy-five per cent of the husband's disposable income and could potentially far exceed that percentage in the event of significant home maintenance expenses or higher medical expenses for their child. We conclude that the trial court abused its discretion in awarding child support and alimony in amounts that exceeded the husband's ability to pay. See Cook v. Cook, 574 So.2d 281 (Fla. 2d DCA 1991). A distribution of marital property that creates an inequitable effect constitutes an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
A court's failure to set any limit on health insurance and noncovered expenses constitutes reversible error. Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989); Van Metre v. Van Metre, 551 So.2d 593 (Fla. 5th DCA 1986); Angle v. Angle, 506 So.2d 16 (Fla. 2d DCA), review denied, 513 So.2d 1060 (Fla.1987). Here, the court set a cap of $5,000.00 on the husband's obligation with respect to health insurance and noncovered expenses, and allowed him the opportunity to seek modification. However, under the financial burden imposed on the husband, such a high cap does not assure us that the trial court prudently considered the husband's financial ability to provide to that extent this item of support.
Where children are involved, the wife is entitled to exclusive possession of the marital home until the minor children reach majority. See Dolch v. Dolch, 368 So.2d 618 (Fla. 2d DCA 1979). The rationale is that the award of exclusive possession of the home is an incident of child support. See Duncan v. Duncan, 379 So.2d 949 (Fla.1980). Here, however, the total mortgage, taxes and insurance cost is $1,523.00 per month. In consideration of this expense as well as all of the health insurance and uncovered health expense, the court reduced the child support award by less than $100.00 below the guidelines amount. The award of child support pursuant to the guidelines should not be automatically applied; the court should consider both the needs of the child and the overall financial circumstances of the parties. Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA 1990). Despite the court's apparent concern over the wife's health situation, this court cannot sustain its award of exclusive possession of the home until the wife's death or remarriage. The record does not support her claim that she is unable to become more self-supporting. The effect of awarding the marital home to the wife until her death or remarriage was to force the husband from *1062 his modest economic status to a state of relative impoverishment.
We share the trial court's concern over the parties' financial condition, but we note that the record supports the conclusion that the wife was disproportionately responsible for the extent of their debts. No property distribution will allow them to live separately in the fashion that they enjoyed during the marriage. But we must reverse the trial court where it abused its discretion in ordering the husband to pay more than his ability to pay. We, therefore, reverse those portions of the final judgment ordering payment and remand for the court to reconsider and set the husband's payments in an amount consistent with his net disposable income, making due allowance for the husband to retain a sufficient amount of his income in order that he may live and work.
We note that the husband's counsel stipulated before the trial court that his client would take the child to the child's regular church on Sunday unless he had other specified plans. The record does not reflect that the husband objected to his counsel's stipulation. We decline to hold that the trial court abused its discretion in ordering this visitation provision.
Affirmed in part, reversed in part and remanded for reconsideration.
DANAHY and FULMER, JJ., concur.