PATTERSON, Judge.
Carol Smoot (the wife) appeals from a postjudgment order which temporarily reduces the child support obligation of Dale Smoot (the husband). We reverse.
The husband filed a supplemental petition for modification of the final judgment of dissolution and requested that his child support obligation be reduced for the parties’ two children. The final judgment requires the husband to pay $1,000 per month in child support. In his modification petition, the husband alleged a substantial change of circumstances had occurred because he paid debts to Visa, Master Card, and Texaco that the final judgment obligated the wife to pay. He sought the support reduction as a credit against money the wife owed him. After hearing, the trial court found that: the wife failed to pay certain obligations required by the final judgment; to preserve the parties’ credit rating, the husband made payments of $2,236 toward the wife’s obligations on the marital debt; and the husband had obtained judgments against the wife totaling $1,632.64. As a result, the trial court concluded, the husband’s ability to pay child support was temporarily decreased. The trial court reduced the husband’s child support obligation from $1,000 to $800 per month for twenty months.
Under the circumstances presented, the trial court erred in temporarily reducing the husband’s child support obligation. First, the husband did not prove a substantial change in circumstances. The debts he paid on the wife’s behalf do not constitute allowable deductions from gross income in calculating the guideline amount of child support. See § 61.30, Fla.Stat. (1995). Thus, the husband has not shown a change in net income. Second, it does not appear that the trial court considered the needs of the children when it ordered the reduction in support. See § 61.30(l)(a), Fla.Stat.(1995); Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA 1990) (court must consider needs of children and ability of parties to pay in modifying support). Finally, there is no statutory authority to offset the payment of marital debts against child support obligations. Thus, we reverse the order on motion for temporary relief.
Reversed.
RYDER, A.C.J., and DANAHY, J., concur.