COPE, Judge.
Former wife Elizabeth Perez appeals an amended final judgment of dissolution of marriage, claiming error in the amount of child support awarded. We affirm.
After the final hearing in the dissolution of the parties’ marriage, the trial court entered a final judgment establishing child support pursuant to the child support guidelines. The trial court sua sponte ordered a rehearing, and on rehearing reduced the child support amount which appellee former husband Aníbal O. Perez must pay. The former wife has appealed.
The former wife contends that the trial court had no authority to order a rehearing after entering the final judgment of dissolution of marriage. We disagree. The final hearing, and rehearing, occurred in 1994. At that time the applicable rule was Florida Rule of Civil Procedure 1.530, which governs rehearing.* Rule 1.530(d) states, “Not later than 10 days after entry of judgment ..., the court of its own initiative may order a rehearing ... for any reason for which it might have granted a rehearing ... on motion of a party.” The trial court ordered a rehearing within the time allowed by Rule 1.530(d). The rehearing in this case was, therefore, within the authority of the trial court.
The former wife also challenges the child support order on substantive grounds. At the rehearing, the trial court reduced the former husband’s child support obligation to an amount which is more than 5 percent below the child support guidelines. The court concluded that in this low income case, the child support award left him impoverished and unable to malee ends meet. Further, in considering the needs of the child and relative circumstances of the parties, the trial court took the view that it would be equitable to grant a downward adjustment. Consequently, the trial court concluded that the child support award should be reduced by what it termed a “marginal amount,” in order to enable the former husband to have sufficient funds to live on.
The former wife levels various attacks on this award. The former wife has not, however, brought to this court a transcript of the testimony taken at the original final hearing, which is the basis for the factual findings set forth in the amended final judgment. No testimony was taken at the rehearing. Consequently, for present purposes we must ac *1361 cept that the factual findings are supported by the evidence.
The former wife contends that the trial court erred by not adhering strictly to the child support guidelines. We disagree and affirm on authority of Anaya v. Anaya, 591 So.2d 1125 (Fla. 3d DCA 1992), where the court said:
Husband contends that the trial court erred because it did not strictly apply the statutory guidelines method of determining child support. In Todesco v. Todesco, 583 So.2d 774 (Fla. 4th DCA 1991) the court stated:
Additionally, child support guidelines, while helpful, are not to be automatically applied; the court should consider both the needs of the child and the overall financial circumstances of the parties.
In this case, because the trial judge eonsid-ered the needs of the child and the financial circumstances of the parties, we affirm the award of child support.
Id. (citations omitted); see also Moss v. Moss, 636 So.2d 164 (Fla. 4th DCA 1994); Whight v. Whight, 635 So.2d 135, 138 (Fla. 1st DCA 1994); Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA 1990). Based on the authorities and the limited record which is now before us in the present case, we see no abuse of discretion in the trial court’s ruling.
We also note that the record reflects that the former husband has filed a petition for modification which recites that his employer went out of business and that his new employment is at a substantially lower salary. This court’s affirmance is without prejudice to the trial court’s consideration of the motion for modification.
Affirmed.

 See Fla. Fam. L.R.P. 12.005.