830 So.2d 278 (2002)
Denise L. SERIO, Appellant,
v.
Jack G. SERIO, Appellee.
No. 01-1918.
District Court of Appeal of Florida, Second District.
November 22, 2002.
*279 Catherine W. Real, Tampa, for Appellant.
Deborah A. Cerminaro of Cerminaro Law Office, P.A., St. Petersburg, for Appellee.
SILBERMAN, Judge.
Denise L. Serio appeals the final judgment dissolving her marriage to Jack G. Serio. She raises three issues, one of which requires reversal of a portion of the final judgment. We affirm without comment the other issues raised by Mrs. Serio.
The Serios were married in 1983. They had three children, all of whom are still minors. Mr. Serio filed his petition for dissolution of the marriage in 1999. During the dissolution proceedings, the Serios entered into a prejudgment agreement. The agreement provided for shared parental responsibility for the children, but Mr. Serio was designated as the primary residential parent. The agreement also stated that Mr. Serio "waives any right to child support for the children in consideration of the Wife's waiver of right to alimony." Apart from the waivers of child support and alimony, the agreement addressed the disposition of marital and personal property, the parties' rights and obligations as to assets and liabilities, child custody and visitation, and other issues relating to the children.
After the agreement was entered into, a dispute arose as to its validity. Mr. Serio filed motions to enforce the agreement, and Mrs. Serio filed an objection to enforcement. Mrs. Serio also filed motions challenging the validity of the agreement and seeking to set aside the agreement. Among other things, Mrs. Serio asserted that the agreement was void because it contained an improper waiver of child support.
Following a hearing on the objection and the motions directed to the agreement, the trial court found that the agreement was valid. After a trial, the court entered a *280 final judgment dissolving the marriage. In accordance with the terms of the agreement, the final judgment provided that Mr. Serio shall not receive child support from Mrs. Serio and that Mrs. Serio shall not receive alimony from Mr. Serio. The final judgment contained no other findings as to child support.
In this appeal, Mrs. Serio argues that the trial court erred in concluding that the agreement was valid and enforceable. She asserts that the agreement is void because it contains an invalid waiver of the children's right to child support and that the final judgment must be reversed because it is based on the void agreement.
It is well settled that parents may not waive their children's right to support because that right belongs to the children. State Dep't of Revenue v. Ortega, 682 So.2d 589, 590 (Fla. 2d DCA 1996); see also Imami v. Imami, 584 So.2d 596, 598 (Fla. 1st DCA 1991); Armour v. Allen, 377 So.2d 798, 799-800 (Fla. 1st DCA 1979). While the parties to a marriage may contract between themselves as to who will assume particular obligations, they cannot contract away their children's right to such support. McClish v. Lee, 633 So.2d 56, 57-58 (Fla. 5th DCA 1994). Child support "is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State." Armour, 377 So.2d at 800.
The Serios' agreement contains no provision for child support but instead contains an express waiver by Mr. Serio of "any right to child support for the children." Neither the agreement nor the final judgment addresses the children's needs or the parents' obligations to meet those needs. Because the children's right to child support could not be waived by Mr. Serio, we conclude that portion of the agreement is invalid and the final judgment must, at least in part, be reversed.
Mrs. Serio also argues that the entire agreement must be declared void due to the improper waiver of child support. We disagree.
In considering whether the entire agreement is void, we must look to general contract principles. See Mott v. Mott, 800 So.2d 331, 333 (Fla. 2d DCA 2001). In support of their respective positions, both parties cite to Title & Trust Co. of Florida v. Parker, 468 So.2d 520 (Fla. 1st DCA 1985). There, the court noted that if a contract contains both legal and illegal terms, if "enforcement of the illegal terms can be refused without nullifying the contract's essential purpose," courts will ignore the illegal terms while giving effect to the valid portions of the agreement. Id. at 524.
Paragraphs one through six of the agreement set forth details relating to the children including custody, contact, and visitation. The remainder of the agreement addresses the financial aspects of the dissolution including the waivers of alimony and child support, property distribution, and related issues. While the various provisions of the agreement dealing with the financial aspects of the dissolution are interrelated, the record does not reflect that the custody and visitation provisions are interrelated with or dependent upon the financial provisions of the agreement.
As the waiver of child support is void and is interrelated with the other financial provisions of the agreement, we conclude that the financial provisions of the agreement are invalid. However, since the financial provisions are not interrelated with the child custody, contact, and visitation provisions, the latter provisions can be given effect and are valid and binding. See id.
*281 Because of our holding that the financial provisions of the agreement are invalid and because the final judgment relied on the agreement to resolve the financial issues between the parties, we reverse the final judgment solely as to the financial aspects of the dissolution and remand for further proceedings consistent with this opinion. In all other respects, the final judgment of dissolution is affirmed.
Affirmed in part, reversed in part, and remanded.
PARKER and CASANUEVA, JJ., Concur.