987 So.2d 118 (2008)
Kristen MARTLAND, Appellant,
v.
Frankie ARABIA, Appellee.
No. 4D07-4175.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
Karen L. Johnson of Karen L. Johnson, P.A., Stuart, for appellant.
*119 No appearance for appellee.
TAYLOR, J.
Kristen Martland appeals a modification order which set her child support award at well below the statutory guideline amount. She maintains that the trial court erred in applying a downward departure from the guideline on account of the father's poor financial condition without considering her even worse financial condition. We agree and reverse for entry of an order for guideline support. We also order reconsideration of the trial court's denial of retroactive support in light of this new child support obligation amount.
Frankie Thomas Martland-Arabia was born on September 30, 2002 in Jupiter, Florida. Thereafter, the mother, Kristen Martland, relocated with the child to Connecticut. On November 17, 2003, a Connecticut trial court entered a final judgment which incorporated the parties' child custody agreement. Although the agreement impliedly provided for the mother to have custody of the minor child and granted the father specific visitation rights, it did not provide for child support.
The mother moved back to Florida with the child in May 2004. On August 16, 2004, the former wife moved to domesticate and modify the Connecticut judgment, seeking child support.
The father's financial affidavit was filed on August 21, 2007. The father, an audio-visual installer, earns a monthly gross income of $2,294.28. His net monthly income is $1,852.94. He lists the following expenses, among others:

 Mortgage or rent $700
 Telephone $135
 Food $200
 Meals outs. home $120
 Car payment $342
 Gasoline $200
 Car Repairs $ 35
 Car Insurance $331

His total monthly expenses are $2,338.00.
The mother, a bartender, claims a monthly gross salary of $500.83 and monthly tips of $916.95, for a gross monthly income of $1,417.78 and a net monthly income of $1,356.14. She lists the following expenses, among others:

 Mortgage or rent $500
 Utilities $130
 Telephone $ 90
 Food $560
 Gasoline $200
 Car insurance $ 80
 Day care $580
 Medical insur. $180

Her total monthly expenses are listed as $3,030, for a net monthly deficit of $1,673.86.
The trial court found that if it used the statutory guideline amount, the father's child support would be $639. "That would leave him, under the court's calculation, with $1,277 for living expenses." After citing Alois v. Alois, 937 So.2d 171 (Fla. 4th DCA 2006), the court first noted that it calculated the husband's net income to be $1,916, rather than the number he provided. The court then totaled his "essential payments to live (hard expenses)," which totaled $1770. He then subtracted that figure from the true net income of $1916 and awarded the difference of $146 as the child support obligation, "pursuant to Alois."
The trial court also found that the father had no ability to pay support at all until his housing expense was reduced by $180; thus it determined that no retroactive support was owed.
The abuse of discretion standard controls our review of trial court orders in child support modification proceedings. Alois, 937 So.2d at 175.
*120 A parent has the obligation to support his or her minor children. Finn v. Finn, 312 So.2d 726, 730 (Fla.1975). The starting point for determining the amount of support owed is set forth in the child support guideline. See § 61.30, Fla. Stat. (2007). The child support guideline amount "presumptively" establishes the amount the trier of fact should order. § 61.30(1)(a), Fla. Stat. (2007). The trial court may vary from the guideline amount more than 5% only upon a "written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate." Id. Child care costs are treated as an adjustment to the guideline determination. See § 61.30(7), Fla. Stat. (2007).
In Alois, after looking at the non-custodial parent's income and expenses, we ordered that the mother's child support be reduced below the guideline amount to "secure the former wife's economic survival." The custodial mother in this case argues that the trial court should not have applied Alois because the custodial parent in Alois was much better off financially than she is. We agree. The facts of Alois were very different from the current facts. In Alois, the custodial parent was a firefighter, who had a monthly net income of $4,767 and was remarried to a police officer, whose income contributed to the household expenses. By contrast, the custodial parent in this case has not remarried and has a net monthly income of just $1,356.14 with which to pay all of her and her child's expenses. Unlike Alois, in this case it is the custodial parent's economic survival which is at issue.
The mother argues that, at a minimum, the trial court should have taken into account her financial condition, rather than focusing exclusively on the father's financial condition. She cites Edgar v. Edgar, 668 So.2d 1059 (Fla. 2d DCA 1996). In Edgar, the second district concluded that the trial court had abused its discretion by awarding child support and alimony "in amounts that exceeded the husband's ability to pay." 668 So.2d at 1061. However, the court added "the court should consider both the needs of the child and the overall financial circumstances of the parties." Id.
We agree with Edgar and hold that the overall financial circumstances of both parties must be taken into account before deciding to apply an Alois adjustment to the guideline child support amount. We think that had the trial court in this case considered the overall financial circumstances of both parties, it would not have deviated from the presumptive guideline amount.
As to retroactive support, the first district has stated:
[t]he decision of whether to award [child] support from the date of the petition for modification is within the trial court's discretion. It is an abuse of discretion, however, to fail to award support from the date of the petition for modification where the need for the support and the ability of the former spouse to pay existed at the time that the modification petition was filed.
Bardin v. State, Dep't. of Revenue, 720 So.2d 609, 611 (Fla. 1st DCA 1998) (quoting Anderson v. Anderson, 609 So.2d 87, 89 (Fla. 1st DCA 1992)).
On remand, the trial court should reconsider whether retroactive support should be awarded considering the father's duty to pay guideline support in this case.
Reversed and Remanded.
POLEN, J., concurs.
WARNER, J., concurs specially with opinion.
*121 WARNER, J., concurring specially.
While I concur in the opinion, I conclude that Alois v. Alois, 937 So.2d 171 (Fla. 4th DCA 2006), is limited to its specific facts and creates no rule. If it did, it would conflict with the child support statutes, which courts are bound to enforce. The legislature already factored in the relative support abilities of the parents in creating the child support guidelines. Section 61.30(1)(a), Florida Statutes provides:
The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support, whether the proceeding arises under this or another chapter. The trier of fact may order payment of child support which varies, plus or minus 5 percent, from the guideline amount, after considering all relevant factors, including the needs of the child or children, age, station in life, standard of living, and the financial status and ability of each parent. The trier of fact may order payment of child support in an amount which varies more than 5 percent from such guideline amount only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate.
The legislature intended for only a five percent variance unless one of the circumstances listed in section 61.30(11), Florida Statutes, exists.
In Alois, the court reduced the former wife's support obligation where custody of the children was transferred, post-divorce, to the former husband. In the opinion, our court relied on section 61.30(11)(a)11 which permits "[a]ny other adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt." It then determined that the former wife had so many expenses that she could not afford the guidelines child support. The former wife in Alois lived with her paramour in a house they purchased jointly when the former wife received custody of her three children. It is evident that the house and its expenses, or the half that the former wife was obligated to pay, were well above the amount that the former wife's income could have supported. At the time they purchased the home, she was receiving child support from the former husband. In this circumstance, adjusting the child support obligation in light of the former wife's "hard" costs may be equitable, because she incurred them when she had to provide a home for the children.
I do not think, however, that the children and their support should suffer because a parent makes spending decisions for his or her income level and incurs debt on cars, houses, and the like which reduce the amount of money "leftover" to pay child support. That surely was not the intent of section 61.30(11)(a)11. Child support should not be considered something which is paid only when a parent has the money to do so. It should be considered the most important obligation a parent has.
Trial courts and litigants should not confuse the fact-based ruling in Alois as leading to trials dissecting "hard" and "soft" costs, or that Alois authorizes routinely departing from calculating child support in accordance with the guidelines. This would be contrary to the statute and its intent to provide predictability and ensure a minimum level of support for children. The guidelines provide predictable results. A divorcing parent will know what his or her obligation for support is. If trial courts consider Alois a new rule or approach, *122 we will lose the predictability of the child support guidelines and engage in time-consuming, fruitless litigation over what should be a well-understood obligation, all to the detriment of the children.