DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERARD THEVINH BUI,**
Appellant,

v.

**TATIANA PATRICIA PADILLA PANZARDI,**
Appellee.

No. 4D2024-1867

[August 20, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lorena Mastrarrigo, Judge; L.T. Case No. FMCE22-013438.

Carl D. Berry of The Strategic Legal Group, PLLC, Fort Lauderdale, for appellant.

No appearance for appellee.

KLINGENSMITH, J.

Appellant Gerard Thevinh Bui ("Father") appeals the trial court's final judgment of dissolution of marriage, which awarded shared parental responsibility to both parents but found it to be in the child's best interest to reside with Appellee Tatiana Patricia Padilla Panzardi ("Mother"). Father raises several arguments on appeal, but we find merit in only one: the trial court erred by failing to address child support in the final judgment. On this issue, we reverse for the reasons discussed below.

At the final dissolution hearing, the parties advised the trial court that the only issues to be determined were timesharing and child support. All other issues relating to dissolution of the parties' marriage were settled by the parties before the final hearing. Father introduced the parties' financial affidavits and his child support guidelines worksheet into evidence. At the hearing's conclusion, the trial court announced, "[c]hild support will be referred to the Hearing Officer based on the timesharing that I have now laid out." The trial court subsequently entered its final judgment of dissolution of marriage yet made no findings regarding child support.

Father did not preserve his argument regarding the trial court's failure to address child support because he did not object to the trial court's referral to the hearing officer or raise the issue in his motion for rehearing. Accordingly, we review this issue for fundamental error.[1] *Dennis v. State*, 980 So. 2d 1279, 1280 (Fla. 4th DCA 2008) ("[I]ssues involving fundamental error may be raised for the first time on appeal." (citing *F.B. v. State*, 852 So. 2d 226, 227 (Fla. 2003))). "Fundamental error in civil cases is an error which 'goes to the foundation of the case or goes to the merits of the cause of action.'" *Schroeder v. MTGLQ Inv'rs, L.P.*, 290 So. 3d 93, 97 (Fla. 4th DCA 2020) (citing *Yau v. IWDWarriors, Corp.*, 144 So. 3d 557, 560 (Fla. 1st DCA 2014)).

The law is clear that parents have a duty to support their minor children. *Martland v. Arabia*, 987 So. 2d 118, 120 (Fla. 4th DCA 2008) (citing *Finn v. Finn*, 312 So. 2d 726, 730 (Fla. 1975)). "Child support is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State." *Tinoco v. Lugo*, 342 So. 3d 845, 848-49 (Fla. 2d DCA 2022) (quoting *Serio v. Serio*, 830 So. 2d 278, 280 (Fla. 2d DCA 2002)) (internal quotations omitted). The trial court has a duty to ensure that child support obligations are appropriate and serve the child's best interests because "child support is a right that belongs to the child." *Id.* (quoting *Lancaster v. Lancaster*, 228 So. 3d 1197, 1198 (Fla. 1st DCA 2017)).

Section 61.30, Florida Statutes (2024), sets forth the method by which a trial court must determine the presumptive child support guideline amount. The court must calculate each parent's net income under section 61.30 and include adequate findings in the final judgment. *Carmack v. Carmack*, 277 So. 3d 185, 186 (Fla. 2d DCA 2019) (citing *Addie v. Coale*, 120 So. 3d 44, 46 (Fla. 4th DCA 2013)). A final judgment is facially erroneous where a trial court fails to make findings regarding the parties' incomes for determining child support. *Whittingham v. Whittingham*, 67 So. 3d 239, 239-40 (Fla. 2d DCA 2010) (citing *Wilcox v. Munoz*, 35 So. 3d 136, 139 (Fla. 2d DCA 2010)); *see also Todd v. Guillaume-Todd*, 972 So. 2d 1003, 1007 (Fla. 4th DCA 2008) (holding final judgment was facially erroneous because it did not make findings as to the parties' net incomes for purposes of child support and did not explain how calculations were performed).

---

[1] Father does not argue that the trial court's failure to address child support amounts to fundamental error on appeal, but we "may *sua sponte* address fundamental error apparent on the face of the record." *J.B. v. State*, 304 So. 3d 352, 355 (Fla. 4th DCA 2020).

Although Father did not object to the trial court's referral to the hearing officer or raise the child support issue in his motion for rehearing, the parties asked the trial court to address child support during the dissolution hearing and the necessary financial documents were admitted for the court's use. Thus, the issue was properly before the trial court which had a duty to determine child support. *See Crumpton v. Crumpton*, 443 So. 2d 315, 317 (Fla. 1st DCA 1983) (citing *Malone v. Meres*, 109 So. 677 (Fla. 1926)) ("A trial court has a duty to decide issues properly before it."); *Armour v. McMiller*, 15 So. 3d 923, 925 (Fla. 5th DCA 2009) (reversing award of support where trial court failed to determine net income of each parent under section 61.30 and include such findings in its judgment). As such, the failure to make *any* determination of child support was fundamental error. *See Freiha v. Freiha*, 197 So. 3d 606, 608-09 (Fla. 1st DCA 2016) (concluding trial court's failure to enter a detailed timesharing schedule was fundamental error because the child was the focus of the proceedings and timesharing was at issue in the case).

We reverse the final judgment because of the lower court's failure to rule on child support and specify its findings in accordance with sections 61.13 and 61.30, Florida Statutes (2024), and remand for further proceedings. We affirm as to all other issues raised.

*Affirmed in part, reversed in part, and remanded with instructions.*

GERBER and CONNER, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**

3