SCHWARTZ, Chief Judge.
The husband challenges various aspects of the parties’ final judgment of dissolution. We find error in the following particulars:
1. The amounts required for alimony and child support are substantially beyond the ability of the husband to pay and therefore must be decreased. Suarez v. Suarez, 514 So.2d 428 (Fla. 3d DCA 1987); Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980), pet. for review dismissed, 399 So.2d 1142 (Fla.1981); Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980). Consistent with the facts that both parties have an equal interest in the family home, which is held by the entireties, and that their incomes are almost the same, the reduction may be appropriately accomplished by providing that Mr. Esteban shall pay only his one half of the mortgage payment nunc pro tunc the date of the dissolution judgment, and only one half of the pre-existing arrearages — rather than all of the past due amounts and future payments for two years as ordered below. Monnar v. Monnar, 422 So.2d 362 (Fla. 3d DCA 1982); Waskin v. Waskin, 346 So.2d 1060 (Fla. 3d DCA 1977); Hendricks v. Hendricks, 312 So.2d 792 (Fla. 3d DCA 1975). This amendment to the final judgment shall be effected after remand.[1]
2. The wife, who is a legal secretary, sought $4,100 in order to take a paralegal course at the University of Miami. The trial judge, however, simply provided for an unrestricted, flat payment of $4,100 by the husband as rehabilitative alimony, to which the wife is entitled regardless of the use to which she might put it. We find that the award should be conditioned upon Mrs. Esteban’s actually undertaking the paralegal education. In this way, her expenditure of the funds in a manner which does not fulfill the only reason for the award in the first place will be obviated. See Frederiksen v. Frederiksen, 368 N.W.2d 769 (Minn.Ct.App.1985); B. Abrams, Florida Family Law § 31.04[1] (1987).
3. Finally, we order the deletion of the following aspect of the provisions granting the primary physical residence of the parties’ now-eleven year old child to the wife and “reasonable visitation to the husband:”
*1252 5. Any cancellation of visitation by the Husband must be made twenty-four hours in advance. In the event that the Husband is as much as fifteen (15) minutes late to pick up the child for visitation, that visitation shall be forfeited; and, in the event that the Husband returns the child as much as fifteen (15) minutes late, the next weekend visitation shall be forfeited.
In our view, this paragraph constitutes an unnecessarily arbitrary and unjustified interference with the rights of the father and the child to each other’s company. Gardner v. Gardner, 494 So.2d 500 (Fla. 4th DCA 1986), appeal dismissed, 504 So.2d 767 (Fla.1987). The understandable concerns of the trial court in this regard are better met by the inclusion of a by-now routine provision requiring the father to give reasonable notice if he does not exercise his visitation rights at any particular time and the ongoing authority of the court over any abuses of that process. All other aspects of the judgment are affirmed.
Affirmed in part, reversed in part and remanded with directions.

. Our ruling in this regard requires that the order holding the husband in contempt for failing to pay all of the arrearages and the mortgage payments be vacated.