972 So.2d 1003 (2008)
Hugo Lyle TODD, Appellant,
v.
Nadege GUILLAUME-TODD, Appellee.
No. 4D06-4907.
District Court of Appeal of Florida, Fourth District.
January 2, 2008.
Rehearing Denied February 22, 2008.
*1004 Hugo Lyle Todd, Fort Lauderdale, Pro Se.
Mitchell Haymes of the Law Offices of Glantz & Glantz, P.A., Plantation, for appellee.
TAYLOR, J.
The former husband challenges various aspects of the final judgment of dissolution. We agree with the arguments he makes on the limitations placed on his visitation rights and the calculation of his child support and reverse.
The parties were married on August 5, 1990. The former wife filed a petition for dissolution of marriage on April 18, 2006. According to the former wife's amended financial affidavit, she is employed by Metropolitan Health Network and earns a gross monthly income of $4,833.40. She states that she is entitled to real estate valued at $200,000 and lists a mortgage of $107,000 and a $37,000 Chase Home Equity loan among the parties' debts.
According to the former husband's financial affidavit, he is employed as an admissions advisor at Kaplan University. His gross monthly salary is $2,307. He lists no assets, just liabilities, including $20,000 in auto loans for cars that were repossessed.
After a final hearing at which no court reporter was present, the trial court entered *1005 its October 23, 2006 final judgment. The final judgment recites that the parties' 12-year old son has resided with the former wife since the parties' separation on September 1, 1996. It also finds, as follows:
The Wife also testified that the. Hug band's visitation is sporadic and he often arrives late. The Husband admitted he had been late on occasion. The Wife also testified that she is concerned for the safety of their son due to the Husband's unstable living accommodations and his domestic partner's use of drugs, specifically, cannabis. . . . The Wife presented the Husband's bank statements which included $14,000 in deposits for three months: The Husband testified that relatives gave him money.
The final judgment allows the husband to have the child on alternating Fridays from 7:00 p.m. to 11:00 pm. and alternating Saturdays from noon to 10:00 p.m. It states, "The Husband shall arrive on time. There shall be a twenty (20) minute grace period. If the Husband arrives more than twenty minutes late, access is waived." "When the Husband has secured a stable residence, which includes separate sleeping area for the child, he shall have unsupervised access. The Wife is entitled to visit the. Husband's residence where the child shall be spending overnights."
The trial court awarded the wife $569.74 per month in child support, plus thirty-two months of retroactive support totaling $18,231.68, to be paid at the rate of $253.30 per month.
Visitation
Ordinarily, the absence of a transcript of the pertinent hearing precludes appellate review of a trial court's determination concerning custody and visitation. Burnham v. Burnham 884 So.2d 390, 391 (Fla. 2d DCA 2004). However, even where the appellant fails to provide a transcript, the absence of a transcript does not preclude reversal where an error of law is apparent on the face of a judgment. Soto v. Soto, ___ So.2d ___, 32 Fla. L. Weekly D182 (Fla. 2d DCA Jan. 5, 2007) (quoting Chirino v. Chirino, 710 So.2d 696, 697 (Fla. 2d DCA 1998)); Dorsett v. Dorsett, 902 So.2d 947, 950 (Fla. 4th DCA 2005). The standard of review of a question of law is de novo. Henderson v. Henderson, 905 So.2d 901, 903 (Fla. 2d DCA 2005).
The Florida legislature has decreed that it is:
. . . the public policy of this state to assure that each minor child has frequent and continuing contact with both parents after the parties separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing.
§ 61.13(2)(b)1., Fla. Stat. (2006).
Here, there are three independent grounds for reversing the trial court's visitation scheme apparent on the face of the final judgment. First is the provision that the former husband's visitation is waived if he is twenty minutes late in picking up the child. In Esteban v. Esteban, 523 So.2d 1250, 1252 (Fla. 3d DCA 1988), the Third District considered a provision which called for forfeiture of visitation if the noncustodial parent was fifteen minutes late in pickup or drop-off of the child. The Third District reversed, stating:
In our view, this paragraph constitutes an unnecessarily arbitrary and unjustified interference with the rights of the father and the child to each other's company. Gardner v. Gardner, 494 So.2d 500 (Fla. 4th DCA 1986), appeal dismissed, 504 So.2d 767 (Fla.1987). The understandable concerns of the trial court in this regard are better met by the inclusion of a by-now routine provision requiring the father to give reasonable notice if he does not exercise his *1006 visitation rights at any particular time and the ongoing authority of the court over any abuses of that process.
Id. The visitation forfeiture provision in this case similarly infringes on the visitation rights of the father and the son and should be deleted from the final judgment.
Second, the provisions pertaining to overnight visitation are too vague and unduly restrictive. The former husband was allowed visitation only on alternating Friday or Saturday evenings with no over-night visitation. As to overnight visitation, the trial court stated:
When the Husband has secured a stable residence, which includes separate sleeping area for the child, he shall have unsupervised access. The Wife is entitled to visit the Husband's residence where the child shall be spending overnights.
We are not certain how to interpret the terms "stable residence" and a "separate sleeping area for the child." The former husband thinks that the latter means that he can no longer have overnight visitation with his son unless the boy has his own separate bedroom. The former husband points out that he cannot afford a two bedroom apartment on his meager income and that this provision is patently unreasonable.
Overnight visitation is a very important component of a non-custodial parent's visitation rights. It should be awarded, absent some overriding concern for the child's safety. See § 61.13(7), Fla. Stat. (2006) (declaring that overnight visitation cannot be denied because of the age or sex of the child). Unless a twelve-year old child suffers from some special physical or mental disability, we see no reason why he or she cannot spend four nights a month sleeping on a couch, rollaway bed, or even a padded mat or sleeping bag in an area not designated as a separate bedroom, if the non-custodial parent's economic circumstances so dictate.
Third, the final order does not grant the former husband any special visitation on holidays or vacations. This, too, was error as a matter of law. Although a court has the power to deny visitation altogether in extreme circumstances, where visitation is ordered, the non-custodial parent's right to the child on rotating holidays has become so routine and necessary that to deny it requires factual findings justifying that decision. See Schumaker v. Schumaker, 931 So.2d 271, 274 (Fla. 5th DCA 2006) (stating that is error for trial court to leave judgment incomplete by failing to address visitation on "holidays and other special occasions and extended school breaks such as the summer").
Accordingly, we reverse and remand for the trial court to delete the tardy pick-up forfeiture provision, reconsider the terms and conditions of overnight visitation, and consider awarding visitation for some holidays and other special occasions.[1]
Child Support
The former wife confesses error as to the calculation of the former husband's child support obligation, which she admits should have been $48.25 per month less, owing to the misallocation of the health insurance obligation in doing the calculation. She also confesses error as to the retroactive support award, which not only should have been calculated at the lower rate, but was also limited by statute to 30 *1007 months, rather than the 32 months awarded by the trial court.
The former husband correctly points out, that the final judgment is facially erroneous because it does not make any findings as to the net income of each party as a starting point for calculating child support or explaining how the calculation was performed. This also requires reversal. See Guida v. Chick, 870 So.2d 222, 225 (Fla. 2d DCA 2004) (reversing child support award for necessary income findings); Herring v. Ashby, 869 So.2d 630, 631 (Fla. 5th DCA 2004) (reversing for income findings and explanation of method used in arriving at award). This is true even though there is no transcript of the proceedings below. See Holmes v. Holmes, 709 So.2d 166, 167 (Fla. 5th DCA 1998).
The former husband argues that after paying the current child support amount and retroactive child support, he will be left with only $384.16 per month on which to live. Unfortunately, this argument is barred on appeal by the lack of a transcript, especially inasmuch as the final judgment suggests that the former husband's income exceeded that shown on his " financial affidavit. See Calicchio v. Calicchio, 693 So.2d 1124, 1125 (Fla. 4th DCA 1997). However, because the child support must be reconsidered for the reasons mentioned above, upon remand the trial court is free to also reconsider the amount of the child support in relation to the former husband's income and necessities under Alois v. Alois, 937 So.2d 171 (Fla. 4th DCA 2006), and Calderon v. Calderon, 730 So.2d 400, 402 (Fla. 5th DCA 1999).
We have considered the other arguments presented by the former husband and find them to be without merit.
Affirmed in part, Reversed in part, and Remanded.
SHAHOOD, C.J., and HAZOURI, J., concur.
NOTES
[1] The final order does not explain why the father should not have weekend visitation from Friday evening until Sunday evening the visitation schedule enjoyed by the vast majority of divorced fathers. Because this case will be remanded to address other visitation issues, we suggest that the trial court revisit the entire visitation scheme and try to accommodate the needs of both parent and child.