996 So.2d 244 (2008)
Fabian CALERO, Appellant,
v.
Mildred CALERO, Appellee.
No. 4D07-4113.
District Court of Appeal of Florida, Fourth District.
December 10, 2008.
Derek M. Aronoff, Stuart, for appellant.
E. Christopher DeSantis, Port St. Lucie, for appellee.
PER CURIAM.
In this appeal, Fabian Calero, the former husband and father, appeals a final judgment of dissolution of marriage, challenging the child support award. More specifically, the father challenges the trial court's factual findings regarding his income and its treatment of child care expenses. We find merit in his arguments and reverse the child support award.
The nearly ten-year marriage of Fabian and Mildred Calero produced two children, a daughter born in 2002 and a son born in 2003. In August of 2006, the father filed a petition for dissolution of marriage. The *245 parties agreed that primary residential custody should be awarded to the mother, no alimony was sought, and there were no assets or liabilities to be equitably distributed. Thus, the only disputed issue that remained for resolution at the final hearing was child support.
The father is a science teacher and his financial affidavit reflects that he is paid $1,600 bi-weekly, resulting in a gross monthly income of $3,466.67 and a net monthly income of $3,255.23. The parties' Joint Pretrial Statement reflected that it was undisputed that the father has a net monthly income of $3,255 and, at the hearing, the parties stipulated to the father's income. Despite the stipulation, the father offered a pay stub into evidence as proof of his income. That pay stub reflects that the father has an annual salary of $35,299.99 and, for the pay period from August 17, 2006 through August 20, 2006, gross income of $1,202.02 and net pay of $1,068.39. There was also evidence that the father earned an additional $75 per week by teaching an FCAT camp on Saturdays and that, in the past, the father had sought additional employment during the summer break. The parties were spending $620 per month on daycare costs.
With this evidence before her, the trial judge rejected the father's claim that he was earning $1,600 bi-weekly. Instead, based upon the pay stub, the judge found that the father was earning $1,202.02 per week and, during the nine-month school year, had a gross monthly income of $5,209 and a net monthly income of $3,988. Based upon these figures, the trial court ordered the father to pay $1,126 in child support. The father filed a motion for rehearing, challenging the trial court's finding that he was earning $1,200 weekly and insisting that he was earning only $1,600 bi-weekly.
Following a hearing, the trial court denied the father's motion for rehearing and reaffirmed the $1,126 monthly child support award. In so doing, the trial court persisted in its finding that the pay stub established the father was earning $1,202 weekly. The trial court also found that the father was earning $3,225 annually for teaching FCAT camp ($75 per week × 43 weeks) and added such amount to the father's income for purposes of calculating his child support obligation. The trial court did, however, recognize that its earlier child support award had been based upon the father's earnings during the forty-three week school year and that, annualized, the father's gross monthly income was $4,576 (as opposed to the $5,209 found in the original judgment). The trial court found that if this $4,576 income figure had been utilized then the father's child support award would have been $1,097 per month and that the difference between the $1,126 awarded and the newly-calculated $1,097 was de minimus. The trial judge noted the father had testified that, in summers past, he had obtained additional employment.
The father insists that the trial court's finding that he had a gross monthly income of $4,576 (and a net monthly income of $3,853) is simply not supported by competent, substantial evidence. See McCants v. McCants, 984 So.2d 678, 682 (Fla. 2d DCA 2008) (recognizing that trial court's determination regarding party's income must be supported by competent, substantial evidence). We agree. Here, the father's financial affidavit reflects he has a net monthly income of $3,255. The parties stipulated that the father was earning $3,255 per month. Relying upon the single pay stub, the trial court nonetheless found the father was earning $1,202 per weekrather than the claimed, and stipulated to, $1,600 bi-weekly. Nothing in the *246 pay stub, though, reflects the father is being paid $1,202 per week.
The pay stub reflects that it is for the period from August 17, 2006 through August 20, 2006only three days; that this is the father's first paycheck of the school year as his year-to-date earnings are $1,202.03; and that the father's annual salary is $35,299.99. If the father's annual salary is $35,299.99, he could not have a gross monthly income of $5,209 during the nine-month school year. Indeed, in her answer brief, the mother acknowledges that she "has not known appellant to make from his salary alone the amount determined by the trial court." We thus hold that the evidence fails to support the trial court's factual findings regarding the father's earnings and that the child support award must be reversed.
We note that the trial judge pointed to the father's past summer employment in the order on rehearing when justifying the "de minimus" discrepancy between the amount of child support awarded and the amount that the court calculated was due under the guidelines. Such income cannot, however, be relied upon to justify or support an increased child support award in the absence of factual findings regarding the availability of such employment in the future and the amount of the father's earnings as a consequence of such employment. See, e.g., Aguirre v. Aguirre, 985 So.2d 1203, 1207 (Fla. 4th DCA 2008) ("A trial court's final judgment concerning child support is deficient in the absence of explicit factual findings concerning the actual incomes attributable to the parties, the amount and source of any imputed income, the probable and potential earnings level, and the adjustments to income."). Thus, should the trial court rely upon such income in calculating the father's child support obligation on remand, the required findings must be made.
This brings us to the father's claim regarding child care costs. Section 61.30(7), Florida Statutes, provides, in relevant part, that "[c]hild care costs incurred on behalf of the children due to employment... shall be reduced by 25 percent and then shall be added to the basic obligation." Here, the final judgment simply requires the father to bear sixty-three percent of the child care costs and the mother thirty-seven percent. This is clearly contrary to the statute. Thus, on remand, the trial court is instructed to determine the amount of child care expenses, to reduce such amount by twenty-five percent as required in section 61.30(7), and then to add each parent's percentage of that amount to his or her child support obligation.
Reversed and Remanded.
POLEN, KLEIN and STEVENSON, JJ., concur.