PER CURIAM.
 

 In this dissolution proceeding, Joel Ro-tolante (“the former husband”) appeals the Supplemental Final Judgment and the Order Finding Contempt, Establishing Ar-rearage and Providing for Purge and/or Incarceration entered by the trial court. Denise Rotolante (“the former wife”) cross-appeals. We affirm in part and reverse in part.
 

 In June 2005, four years after the dissolution proceedings were initiated, the trial court entered a judgment dissolving the parties’ marriage and reserving ruling on all other issues. Following a trial on the matter, the remaining issues were resolved in early 2008 by the entry of a supplemental final judgment, an order finding the former husband in contempt for nonpay
 
 *686
 
 ment of support, and an order denying the former husband’s motion to set aside the parties’ postnuptial agreements.
 

 On appeal, the former husband challenges various aspects of the alimony award. He also asserts that the postnup-tial agreements were conditioned upon an attempted reconciliation by the parties and, therefore, the trial court erred in enforcing those agreements. Finally, he contends the contempt order was not supported by adequate findings. On cross-appeal, the former wife argues the trial court erred by failing to award her the additional sums incurred by her due to the former husband’s failure to repay the parties’ margin loan, by failing to adequately enforce the former husband’s obligation to pay medical expenses, and in denying her motion for an award of additional attorney’s fees.
 

 The issues presented by the parties center around the trial court’s interpretation of two postnuptial agreements executed by the parties during the pendency of the divorce proceedings. The relevant provisions required the former husband to pay the former wife $5,620.00 per month beginning in June 2003, “as support for her and the children,” as well as certain medical bills and the outstanding balance on a margin loan. The former husband challenges the trial court’s enforcement of these agreements. The record demonstrates that the trial court properly found the agreements to be valid and binding.
 

 Next, we find no error in the trial court’s decision to enforce the parties’ contractual support provision and to allocate the amount between alimony and child support. At the former wife’s request, the court allocated the $5,620.00 contractual support figure into specific amounts for alimony and child support. The support provision, in particular, had previously been held to be valid and enforceable by prior orders of the trial court. In the contempt order, the court required the former husband to pay arrearages owed on the support amount and to reimburse the former wife for attorney’s fees expended in obtaining enforcement thereof.
 
 See, e.g., Zalka v. Zalka,
 
 100 So.2d 157 (Fla.1958);
 
 Beasley v. Beasley,
 
 154 So.2d 874, 875 (Fla. 1st DCA 1963). The former husband failed to preserve for appellate review his various arguments challenging the trial court’s factual findings as being inadequate.
 
 See Alpha v. Alpha,
 
 885 So.2d 1023, 1027 (Fla. 5th DCA 2004). In any event, because the support amount was contractual in nature, the findings required by section 61.08, Florida Statutes were unnecessary.
 
 See Hannon v. Hannon,
 
 740 So.2d 1181, 1187 (Fla. 4th DCA 1999) (alimony statute does not displace nuptial agreements);
 
 Todd v. Todd,
 
 734 So.2d 537, 541 (Fla. 1st DCA 1999)(fact-finding requirements of section 61.08 are applicable where entitlement to alimony or amount is at issue).
 

 We also reject the former husband’s contention that the trial court was required to consider whether a modification of the support amount was warranted under section 61.14, Florida Statutes, as he never requested modification below. However, we do agree with the former husband that the trial court should have designated the type of alimony that was awarded. This omission appears to be in the nature of a scrivener’s error, as the type of alimony is readily apparent from the record. Therefore, we remand to the trial court with instructions to correct the supplemental judgment to specify that the alimony be allocated as permanent periodic alimony.
 

 We also agree with the former husband that the trial court erred in not including the former wife’s dividend and interest income on the Morgan Stanley ac
 
 *687
 
 count as income for purposes of calculating the parties’ child support obligations. She received ownership of the accounts pursuant to the parties’ postnuptial agreements and they were already generating monthly income by the time the final order was entered. Inclusion of these earnings in the wife’s income was mandated by section 61.30(2)(a)(10) of the Florida Statutes.
 
 See Henin v. Henin,
 
 767 So.2d 1284 (Fla. 5th DCA 2000)(holding wife was chargeable with one-half of the fair rental value of her exclusive occupancy of property since it was not included in the award of child support).
 
 See also Mitchell v. Mitchell,
 
 841 So.2d 564 (Fla. 2d DCA 2003)(holding when the court’s distribution of assets affects the parties’ gross income those awards must be taken into account when calculating child support). After the parties’ child support obligations are recalculated, the amount of the alimony award should then be refigured by deducting the former wife’s portion of child support from the $5,620.00 total contractual support figure. We affirm the award of alimony and child support in all other respects.
 

 As for the former husband’s argument concerning enforcement of other provisions of the parties’ postnuptial agreements, such as repayment of the margin loan, we conclude that the trial court correctly interpreted as conditional on reconciliation, only those provisions containing express conditions. The language of the agreements, the circumstances surrounding their execution, and additional competent substantial evidence at trial supports this interpretation. For example, requiring repayment of the margin loan was not expressly conditioned on the reconciliation of the parties. Rather, it plainly requires the former husband to repay the entire outstanding balance. Accordingly, we affirm the trial court’s decision to enforce repayment.
 

 The former husband’s final issue is also without merit. Specifically, the record refutes his challenge to the contempt order and reflects that the trial court made adequate findings that he willfully failed to pay support in violation of a prior court order, despite having the ability to pay.
 
 See Dileo v. Dileo,
 
 939 So.2d 181, 184 (Fla. 5th DCA 2006). These findings are supported by competent substantial evidence and are, therefore, upheld.
 

 Turning to the cross-appeal, the former wife is not entitled to receive the additional relief she seeks with one minor exception. We agree with the trial court’s conclusion that the former wife was only entitled to receive payment of the amount of the margin loan listed in the postnuptial agreements because the agreements did not specify a time for performance or provide for payment of penalties and interest in the event of delayed payment or nonpayment. However, although the postnup-tial agreement recited that the approximate amount of the margin loan was $282,000.00, it was established without dispute at trial that the actual amount of the margin loan at the time of the agreement was $283,032.85. The final judgment awarded the wife the amount of $282,000.00 for the unpaid margin loan. The ex-husband concedes that the amount of the final judgment is in error and must be adjusted to reflect the actual balance of $283,032.85. Upon remand, such adjustment must be made.
 

 We also agree with the trial court’s interpretation of the medical expenses provision as having prospective application only through the date of trial. Despite the use of the term “future” in the provision, there is nothing to indicate an intention by the parties to obligate forever the former husband to pay all medical bills incurred by the former wife and children.
 
 See Siegel v. Whitaker,
 
 946 So.2d 1079, 1083-84
 
 *688
 
 (Fla. 5th DCA 2006)(courts must interpret settlement agreements in a manner that accords with reason and avoids absurd constructions).
 

 Finally, we reject the former wife’s assertion that she was entitled to receive an award of attorney’s fees in the supplemental judgment based on the former husband’s contempt. In making this assertion, the former wife overlooks the fact that the contempt order granted her request for attorney’s fees and costs expended in obtaining enforcement of the support arrearages.
 

 We remand with directions to the trial court to correct the supplemental final judgment to recalculate the alimony award, to specify that the type of alimony awarded was permanent periodic alimony payable until the former wife’s remarriage or death and to correct the amount of the margin loan to $283,032.85.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 PALMER, ORFINGER, JJ., and THOMPSON, E., Senior Judge, concur.