SILBERMAN, Judge.
 

 John G. Wilcox, the Former Husband, seeks review of the trial court’s order granting his postjudgment petition to modify his child support obligation. The Former Husband raises four challenges to the court’s order below. Our review of this case is limited by the parties’ failure to arrange for a recording of the proceedings below. However, because the trial court failed to make findings regarding the parties’ incomes and ability to pay and erroneously ordered the parties to equally share child care expenses, we reverse.
 

 The parties were divorced in 2005 in New Jersey. The final judgment of dissolution incorporated a marital settlement agreement in which the parties agreed that the Former Wife would have sole legal custody of the Former Wife’s nephew, whom the parties had adopted. The Former Wife waived any right she had to alimony in exchange for the Former Husband’s promise to pay child support of $276 weekly ($1186.80 monthly). This amount was calculated using the New Jersey child support guidelines based upon the Former Husband’s net weekly income of $1688 ($7258.40 monthly) as a composer. The Former Husband agreed to pay seventy percent of employment-related child care expenses for a live-in nanny. The Former Husband also agreed to pay seventy percent of any noncovered medical, dental, and prescription medication expenses for the child. These percentages reflected the Former Husband’s percentage share of the child support need.
 

 The agreement recognized that the Former Husband was going to be unemployed in June 2005 and that such an event would constitute a substantial change in circumstances that might entitle him to have the child support award modified “taking into account all of the circumstances at that time.” As anticipated, the Former Husband subsequently filed a petition to modify his child support obligation and alleged that his income had substantially decreased.
 

 The Former Husband submitted a financial affidavit that reflected a net monthly income of $1109. The Former Wife submitted a financial affidavit that reflected a net monthly income of $1939. The trial court thereafter entered an order finding that the Former Husband had “suffered a change in income” and decreasing the child support award from $1186.80 monthly to $754.27 monthly “[p]ursuant to the Child Support Guideline calculation.” The order made no findings regarding the parties’ incomes or their ability to pay and did not attach a child support guidelines worksheet. Additionally, the order required each party to equally share one-half of the child care expenses and any noncovered medical, dental, and prescription medication expenses.
 

 The Former Husband filed a motion for rehearing in which he argued that the trial court had erred by (1) failing to make findings of fact regarding the parties’ incomes and miscalculating the child support award, (2) failing to add the child care expenses to the basic child support obligation, (3) failing to allocate the noncov-ered medical, dental, and prescription medication expenses on a percentage basis, and (4) ordering the first payment due May 1, 2008. The trial court denied the motion, and this appeal followed.
 

 On appeal, the Former Husband re-argues the first three issues he raised in his
 
 *139
 
 motion for rehearing. Additionally, the Former Husband raises the new argument that the court erred in failing to make the new child support award retroactive to the date of filing. Because the parties failed to arrange for a recording of the hearing on the petition to modify, our review is limited to errors that occur on the face of the final judgment.
 
 Mobley v. Mobley,
 
 18 So.3d 724, 725 (Fla. 2d DCA 2009);
 
 Soto v. Soto,
 
 974 So.2d 403, 404 (Fla. 2d DCA 2007).
 

 1.
 
 Findings of Fact
 

 Section 61.30, Florida Statutes (2006), provides guidelines establishing the amount of child support to be awarded based on the parties’ combined net monthly incomes. If the award deviates from the guidelines by more than five percent, the final judgment must explain why the guidelines amount is unjust or inappropriate. § 61.30(l)(a). To calculate the award of child support, the court should add the net monthly incomes for both parties together and look to the statutory chart to determine the corresponding minimum child support need. § 61.30(5-6). The court then calculates each party’s percentage share of the child support need by dividing their net monthly income by the combined net monthly income. § 61.30(9). Each party’s actual dollar share is then calculated by multiplying the minimum child support need by the party’s percentage share. § 61.30(10).
 

 It is well-settled that a trial court errs by failing to make findings of fact regarding the parties’ incomes when determining child support.
 
 See Guida v. Guida,
 
 870 So.2d 222, 225 (Fla. 2d DCA 2004);
 
 Valdes v. Valdes,
 
 6 So.3d 731, 732 (Fla. 1st DCA 2009);
 
 Todd v. Guillaume-Todd,
 
 972 So.2d 1003, 1007 (Fla. 4th DCA 2008). This is because findings regarding the parties’ incomes are necessary for a determination of whether the support ordered departed from the guidelines and, if so, whether that departure was justified.
 
 Jones v. Jones,
 
 636 So.2d 867, 867 (Fla. 4th DCA 1994). Thus, the failure to include findings regarding the parties’ incomes for purposes of child support calculations renders a final judgment facially erroneous, and the absence of a transcript does not preclude reversal on that basis.
 
 Guida,
 
 870 So.2d at 225;
 
 Aguirre v. Aguirre,
 
 985 So.2d 1203, 1207 (Fla. 4th DCA 2008);
 
 Todd,
 
 972 So.2d at 1007.
 

 We are mindful that, in cases involving equitable distribution and alimony, this court has held that the lack of a transcript precludes a party from establishing that any error in failing to make the required findings was harmful.
 
 See Esaw v. Esaw,
 
 965 So.2d 1261, 1265 (Fla. 2d DCA 2007). In
 
 Esaw,
 
 the wife challenged the trial court’s failure to make specific factual findings in support of its alimony and equitable distribution awards, but the record did not contain a transcript of the dissolution proceedings.
 
 Id.
 
 at 1263. This court recognized that it was reversible error for a court to fail to include findings of fact in support of alimony and equitable distribution.
 
 Id.
 
 at 1263-64.
 

 However, the court also recognized that it was the wife’s burden to demonstrate harmful error arising from those omissions.
 
 Id.
 
 at 1264. The court explained that, to establish harmful error, the wife was required to show that “ ‘it is reasonably probable that a result more favorable to the appellant would have been reached if the error had not been committed.’ ”
 
 Id.
 
 (quoting
 
 Fla. Inst. for Neurologic Rehab., Inc. v. Marshall,
 
 943 So.2d 976, 979 (Fla. 2d DCA 2006)). The court concluded that the absence of the transcript precluded the wife from meeting this burden.
 
 Id.
 
 at 1265.
 

 Esaw
 
 is distinguishable from this case for two reasons. First, the court in
 
 *140
 

 Esaw
 
 did not address the issue of the trial court’s failure to make findings required to support an award of child support. Simply put, child support is different than alimony or equitable distribution. “Child support ‘is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State.’ ”
 
 Serio v. Serio,
 
 830 So.2d 278, 280 (Fla. 2d DCA 2002) (quoting
 
 Armour v. Allen,
 
 377 So.2d 798, 800 (Fla. 1st DCA 1979)). The right to child support belongs to the child, and it cannot be waived by parents.
 
 Id.
 
 We are thus disinclined to extend
 
 Esaw
 
 to cases involving child support awards.
 

 Second, in this case, unlike in
 
 Esaw,
 
 the Former Husband makes specific allegations of harm arising from the absence of factual findings. This court’s ruling in
 
 Esaw
 
 turned on the wife’s failure to meet her burden of establishing harmful error due to the lack of a transcript. 965 So.2d at 1265. In analyzing the wife’s burden, this court noted that “the wife has made no attempt to show how the inadequacy of the findings constitutes harmful
 
 error.” Id.
 
 Thus, this court concluded, “Because the wife did not provide a transcript or appropriate substitute and did not demonstrate harmful error, we will not reverse the judgment on the basis of the wife’s claim that the findings are inadequate.”
 
 Id.
 

 In this ease, however, the Former Husband makes a specific claim of harm resulting from the trial court’s failure to make findings regarding the parties’ incomes. The Former Husband claims that, based upon the parties’ incomes, the child support award is not supported by the child support guidelines. The Former Husband argues that the child support was improperly calculated as evidenced by the fact that the award is nearly seventy percent of his income as listed on his financial affidavit.
 
 [1]
 

 2.
 
 Child Care Expenses
 

 The Former Husband argues that the trial court erred by ordering the parties to equally share the child care expenses. Section 61.30(7) provides, in pertinent part, as follows:
 

 Child care costs incurred on behalf of the children due to employment, job search, or education calculated to result in employment or to enhance income of current employment of either parent shall be reduced by 25 percent and then shall be added to the basic obligation. After the adjusted child care costs are added to the basic obligation, any moneys prepaid by the noncustodial parent for child care costs for the child or children of this action shall be deducted from that noncustodial parent’s child support obligation for that child or those children.
 

 The Former Husband correctly argues that the court should have included seventy-five percent of the child care expenses in the basic child support amount as required by section 61.30(7).
 
 See Calero v. Calero,
 
 996 So.2d 244, 246 (Fla. 4th DCA 2008);
 
 Guard v. Guard,
 
 993 So.2d 1086, 1091 (Fla. 5th DCA 2008). This error is apparent on the face of the record because the court instead ordered that the parents equally share child care expenses.
 

 3.
 
 Noncovered Medical, Dental, and Prescription Medication Expenses
 

 The Former Husband argues that the trial court failed to comply with section 61.30(8) in ordering the parties to equally share the child’s noncovered medi
 
 *141
 
 cal, dental, and prescription medication expenses. Section 61.80(8) provides, in pertinent part, as follows:
 

 Health insurance costs resulting from coverage ordered pursuant to s. 61.13(l)(b), and any noncovered medical, dental, and prescription medication expenses of the child, shall be added to the basic obligation unless these expenses have been ordered to be separately paid on a percentage basis.
 

 It is error for the court to equally divide the noncovered medical, dental, and prescription medication expenses when the court arrives at an unequal percentage share of child support.
 
 See Martinez v. Martinez,
 
 911 So.2d 288, 289 (Fla. 2d DCA 2005);
 
 Salazar v. Salazar,
 
 976 So.2d 1155, 1157 (Fla. 4th DCA 2008);
 
 Forrest v. Ron,
 
 821 So.2d 1168, 1168 (Fla. 3d DCA 2002). We are unable to determine whether the court’s award of noncovered medical, dental, and prescription medication expenses was error because of the court’s failure to provide findings of fact regarding the parties’ incomes and the parties’ percentage share of the child support need. On remand, the court should review this award to ensure it reflects the parties’ percentage share of the child support need.
 

 4.
 
 Retroactivity
 

 The Former Husband argues that the trial court erred by failing to order modification of child support retroactive to the date of filing. A trial court abuses its discretion in refusing to modify child support retroactively to the date of filing the petition if the need for support and the ability to pay existed at the time of filing.
 
 See Martland v. Arabia,
 
 987 So.2d 118, 120 (Fla. 4th DCA 2008);
 
 Bardin v. State, Dep’t of Revenue,
 
 720 So.2d 609, 611 (Fla. 1st DCA 1998). However, the Former Husband cannot establish error because the record does not reflect that he actually established need and ability to pay retroactive to the date of filing the petition. Also, the record does not reflect that he requested that the award be retroactive.
 
 See Esaw,
 
 965 So.2d at 1265. The Former Husband’s petition for modification does not contain such a request, the record does not contain a transcript of the hearing on the petition, and the Former Husband did not argue for retroactivity in his motion for rehearing. Thus, we cannot conclude that the trial court erred regarding this issue.
 

 In conclusion, the trial court erred by failing to make findings regarding the parties’ incomes and ability to pay and erroneously ordered the parties to equally share child care expenses. Although the record does not contain a transcript of the hearing below, these errors are apparent on the face of the record and require reversal of the order in its entirety. On remand, the court should recalculate child support and enter a new order specifying the basis for modification of child support, including the parties’ incomes and percentage share of the child support need. The court should include seventy-five percent of the child care expenses in the basic child support amount before determining the allocation of each party’s share of child support. The court should also ensure that the Former Husband’s share of the child’s noncov-ered medical, dental, and prescription medication expenses is proportionate to his percentage share of the child support need. If the Former Husband did indeed request and establish a basis for retroactive modification of child support, the court may adjust the effective date of the award as well.
 

 Reversed and remanded.
 

 ALTENBERND, J., and FULMER, CAROLYN K., Senior Judge, Concur.
 

 [1]
 

 . Indeed, if the child support obligation is calculated from the parties' incomes as listed on their financial affidavits without consideration for child care costs, the total child support obligation would be $654 and the Former Husband’s monthly obligation would be approximately $235.
 
 See
 
 § 61.30(6), (9), (10).