WHATLEY, Judge.
 

 Gloria Whittingham, the Wife, appeals a final judgment dissolving her marriage to Christopher Whittingham. We. reverse the portion of the final judgment awarding child support to the Husband because the judgment fails to include any findings concerning the incomes of the parties, and therefore, we cannot determine whether the child support award is within the guidelines established in section 61.30, Florida Statutes (2007). We do not find merit in the other issues raised by the Wife and affirm as to those issues without further discussion.
 

 Section 61.30 sets forth guidelines as to the amount of child support which should be awarded based on the monthly incomes of the parties. If a trial court awards child support which deviates more than five percent from the guidelines, it must make a written finding explaining why the guidelines amount would be inappropriate or unjust. § 61.30(l)(a). Consequently, when determining child support a trial court is required to make findings of fact regarding the incomes of the parties because such findings are required in order to determine whether the support award departs from the guide
 
 *240
 
 lines.
 
 Wilcox v. Munoz,
 
 35 So.3d 136, 139 (Fla. 2d DCA 2010). When a trial court fails to make findings regarding the parties’ incomes, the final judgment is facially erroneous, and although there is no transcript of the hearing in the present case, the lack of a transcript does not preclude reversal.
 
 Id.; see Todd v. Guillaume-Todd,
 
 972 So.2d 1003, 1007 (Fla. 4th DCA 2008) (holding that the final judgment was facially erroneous where it did not make any findings as to the net income of the parties for the purpose of calculating child support and it did not explain how the calculation was performed).
 

 We also note that when establishing the child support award, the trial court failed to address health care coverage for the minor child as required by section 61.13(l)(b), Florida Statutes (2007). The order also does not address child care costs and noncovered medical, dental, and prescription medication expenses, and we cannot determine if the trial court considered these costs.
 
 See
 
 § 61.30(7), (8).
 

 We therefore reverse the final judgment and remand this case for the trial court to recalculate the child support award and enter a new order specifying the basis for the award. The trial court must also consider child care costs, health insurance costs, and noncovered medical, dental, and prescription medication expenses.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
 

 SILBERMAN and BLACK, JJ„ Concur.