NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

M.M.,                                          )
                                               )
            Appellant,                         )
                                               )
v.                                             )        Case No.  2D17-1921
                                               )
J.H.,                                          )
                                               )
            Appellee.                          )
_____            )

Opinion filed July 6, 2018.

Appeal from the Circuit Court for
Hillsborough County; Nick Nazaretian,
Judge.

Mark F. Baseman of Felix, Felix &
Baseman, Tampa, for Appellant.

Thomas A. Burns and Arda Goker of
Burns, P.A., Tampa, for Appellee.


BADALAMENTI, Judge.

            M.M. (the Mother) seeks review of a Final Judgment of Paternity and

Parenting Plan that, among other things, ordered her to pay child support to J.H. (the

Father).  After careful review and the benefit of oral argument, we reverse the trial

court's award of child support to the Father.  At bottom, the trial court neglected to make

the required findings to order the Mother to pay child support to the Father.  We thus

remand to the trial court to make the requisite findings to support any child support award.

The Mother and the Father were a couple for approximately fourteen years but never married. In 2009, the Mother gave birth to a boy and, in 2011, the couple separated. In 2013, the Mother filed a petition for paternity seeking a judgment declaring the Father as the legal father of the boy. The petition also set forth a proposed parenting plan for the trial court's consideration. The trial court subsequently entered final judgment of paternity, which incorporated the Mother's proposed parenting plan.

For the next three years, the parents followed through with the parenting plan, amicably agreeing, as co-parents, to make adjustments where needed. During this period, the Mother married a man who subsequently accepted an employment offer, necessitating his relocation from Florida to Idaho. The Mother thus petitioned the trial court to relocate the child to Idaho so that the child could join her and her husband. This launched a barrage of court filings by the Father, attacking, among other things, the validity of the underlying paternity judgment and parenting plan. The Father further filed a counterpetition for paternity and for related relief. In sum, the trial court ultimately vacated its 2013 final judgment of paternity and parenting plan as void ab initio and proceeded on the Father's counterpetition. While the vacation of the final judgment of paternity and parenting plan rendered the Mother's relocation petition moot, the court approached the final hearing as if the Mother was advocating for a long-distance parenting plan and analyzed the relocation factors in its final judgment.

The trial court conducted a bench trial on the Father's counterpetition for paternity and for related relief. Both the Father and the Mother submitted proposed parenting plans and written closing arguments. In 2017, the trial court entered a new Final Judgment of Paternity and Parenting Plan, ordering shared parental responsibility of the child in Hillsborough County, where the child had lived his entire life.[1] Furthermore, and germane to the sole issue we decide in this appeal, the trial court ordered that the Mother: (1) pay $97 per month to the Father in child support; (2) reimburse the Father $1400 for overpayments of past child support; and (3) pay $582 in retroactive child support.

In its order, the trial court neglects to set forth the parties' respective incomes. The only, albeit tangential, reference to the Mother's income is that she is not working and relies on the income of her husband to support her and the child. The trial court notes, though, that the Father is self-employed and grosses between $8000 and $11000 per month, $2000 of which is reinvested in his business. As for the $97 per month child support award to the Father, the trial court references that this amount was "pursuant to the child support guidelines worksheet that will be filed under separate cover." But no such worksheet was filed by the trial court. As for the retroactive child support award to the Father and the Father's overpayments owed by the Mother, the trial court's order does not set forth how these amounts were derived.

Section 61.30, Florida Statutes (2017), provides guidelines establishing the amount of child support to be awarded based on the parties' combined net monthly

---

[1]The Mother agreed to remain in Hillsborough County if the court rejected her proposed long-distance parenting plan.

incomes. The legislature has made clear that the child support guidelines amount "presumptively establishes the amount the trier of fact shall order as child support in an initial proceeding for such support or in a proceeding for modification of an existing order for such support" § 61.30(1)(a). This statute affords trial courts discretion to deviate by more than five percent from a presumptive child support amount "only upon a written finding explaining why ordering payment of such guideline amount would be unjust or inappropriate." Id. In conformance with section 61.30, the case law is "well-settled that a trial court errs by failing to make findings of fact regarding the parties' incomes when determining child support." Wilcox v. Munoz, 35 So. 3d 136, 139 (Fla. 2d DCA 2010). "This is because findings regarding the parties' incomes are necessary for a determination of whether the support ordered departed from the guidelines and, if so, whether that departure was justified." Id. A trial court's failure to include factual findings regarding the parties' incomes for purposes of child support calculations renders a final judgment facially erroneous. Id.

Here, the trial court's order failed to include factual findings regarding the parties' incomes for purposes of the child support judgment. The order makes no findings as to the Mother's income or ability to pay. The trial court also did not file a child support guidelines worksheet. See id. at 141 (reversing trial court's child support order for its failure to set forth adequate factual findings and attach a child support guidelines worksheet). Without these findings, we cannot conduct a meaningful appellate review of the child support awards. Whittingham v. Whittingham, 67 So. 3d 239, 239 (Fla. 2d DCA 2010) (reversing child support order due to the court's failure to include any findings regarding the parties' incomes because such failure precluded a

determination as to whether the award was within the guidelines established in section 61.30).

Absent sufficient findings by the trial court, it is difficult to discern how the trial court could order the unemployed Mother, who relies on her husband to support both her and the child, to pay $97 per month to a Father who earns between $8000 and $11000 in monthly income. Likewise, this absence of adequate factual findings renders facially erroneous the trial court's order that the Mother reimburse the Father $1400 for overpayments of past child support and pay $582 in retroactive child support. See Wilcox, 35 So. 3d at 139. Although it appears that the trial court may have imputed income to the Mother to derive these child support amounts, the trial court did so "without making the required findings and without reference to the evidence that was, in fact, presented." Pedersen v. Pedersen, 892 So. 2d 1125, 1126 (Fla. 2d DCA 2004) (citing LaFlam v. LaFlam, 854 So. 2d 809, 810 (Fla. 2d DCA 2003)).

We therefore reverse the child support awards entered in favor of the Father and remand to the trial court for further determination of any child support amount. We affirm the trial court's Final Judgment of Paternity and Parenting Plan in all other respects.[2]

Affirmed in part, reversed in part, remanded with instructions.

SILBERMAN and VILLANTI, JJ., Concur.

---

[2]After careful review, we affirm without comment the remaining issues raised by the Mother in this appeal.