NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NICOLE CARMACK,                          )
                                         )
            Appellant,                   )
                                         )
v.                                       )        Case No. 2D18-1769
                                         )
BOB CARMACK,                             )
                                         )
            Appellee.                    )
_____  )

Opinion filed July 3, 2019.

Appeal from the Circuit Court for Pasco
County; Lauralee G. Westine and Kim
Campbell, Judges.

Mark A. Neumaier, Tampa, for Appellant.

Timothy M. Doud of Law Offices of
Timothy M. Doud, LLC, Tarpon Springs,
for Appellee.


CASANUEVA, Judge.

        Nicole Carmack appeals a final judgment dissolving her marriage to Bob
Carmack.  We agree with Ms. Carmack that the portion of the final judgment awarding
child support must be reversed because the judgment fails to include required findings
concerning the incomes of the parties.

A trial court is required to determine the net income of each parent when determining a child support award under section 61.30, Florida Statutes (2011), and the court must include adequate findings of such in the final judgment. Addie v. Coale, 120 So. 3d 44, 46 (Fla. 4th DCA 2013) (citing Hindle v. Fuith, 33 So. 3d 782, 786 (Fla. 5th DCA 2010)). Section 61.30 establishes a guidelines schedule that a trial court is required to apply in determining an award of child support, and a trial court's findings regarding the parties' incomes are necessary for an appellate court to determine if the child support award is a departure from the child support guidelines and, if so, whether the departure from the guidelines is justified. M.M. v. J.H., 251 So. 3d 970, 972 (Fla. 2d DCA 2018) (quoting Wilcox v. Munoz, 35 So. 3d 136, 139 (Fla. 2d DCA 2010)). Consequently, "case law is 'well-settled that a trial court errs by failing to make findings of fact regarding the parties' incomes when determining child support.' " Id. at 972 (quoting Wilcox, 35 So. 3d at 139). "A trial court's failure to include factual findings regarding the parties' incomes for purposes of child support calculations renders a final judgment facially erroneous." Id. (citing Wilcox, 35 So. 3d at 139).

As Ms. Carmack points out, the trial court did not make any findings regarding the parties' incomes in the final judgment. The final judgment merely references Mr. Carmack's financial affidavit in two places. In paragraph thirty-seven, the final judgment states: "Husband testified to the accuracy of his financial affidavit dated September 19, 2017. He stated that his gross monthly income was $1,300.00. . . . Husband stated that the rents on the properties cover their mortgages and he presently has a monthly surplus of $229.87." The trial court again references the affidavit in paragraph forty-five:

> Husband testified that his Financial Affidavit was true and correct. . . . Husband makes $1,300.00 per month from CQA. In his Financial Affidavits from 2014, Husband stated he could not explain why his monthly income increased from $1,000.00 to $1,300.00. He stated that he believed he made more than $1,000.00 per month during the three years prior to June 2014.

Because the final judgment fails to include factual findings regarding the parties' net monthly incomes, this court cannot conduct a meaningful appellate review of the child support award.[1] See Whittingham v. Whittingham, 67 So. 3d 239, 239 (Fla. 2d DCA 2010) ("[W]hen determining child support a trial court is required to make findings of fact regarding the incomes of the parties because such findings are required in order to determine whether the support award departs from the guidelines." (citing Wilcox, 35 So. 3d at 139)).

Further, because a trial court must consider alimony and child support payments when determining whether a party has the ability to pay his or her attorney's fees, on remand the trial court should also reconsider Ms. Carmack's motion for attorney's fees. See De La Piedra v. De La Piedra, 243 So. 3d 1052, 1054 (Fla. 1st DCA 2018).

Accordingly, we reverse that portion of the final judgment addressing the child support award and remand to the trial court with instructions to determine an appropriate award after making specific findings concerning the incomes of the parties. The trial court should also include a child support guidelines worksheet in its amended

---

[1]We also note that the trial court erred in failing to file a child support guidelines worksheet with the final judgment. See J.A.D. v. K.M.A., 264 So. 3d 1080, 1083 (Fla. 2d DCA 2019).

final judgment and revisit Ms. Carmack's request for attorney's fees on remand.  All other aspects of the final judgment of dissolution of marriage are affirmed.

Affirmed in part, reversed in part, and remanded with directions.

BLACK and BADALAMENTI, JJ., Concur.