DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSICA CAMACHO DELOSREYES,**
Appellant,

v.

**RODEL BERGONIO DELOSREYES,**
Appellee.

No. 4D2023-1324

[July 24, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502020DR008248.

Craig A. Boudreau, West Palm Beach, for appellant.

Eric C. Cheshire of Eric C. Cheshire, P.A., West Palm Beach, for appellee.

GERBER, J.

The former wife appeals from the circuit court's final judgment of dissolution of marriage, and order denying the former wife's motion for rehearing. The former wife argues the circuit court erred in calculating prospective child support in three respects, by: (1) failing to make sufficient factual findings regarding the parties' respective incomes to determine child support; (2) imputing wage income, and/or unrealized investment income, to the former wife; and (3) not determining whether the former husband was voluntarily unemployed. The former wife also argues the circuit court erred by failing to award retroactive child support for all non-support months.

We agree with the former wife's first two arguments regarding prospective child support, and thus reverse the final judgment in part. We conclude the former wife's third argument regarding prospective child support, and her argument regarding retroactive child support, both lack merit, for which we affirm the final judgment in part. We remand with directions for the circuit court to amend the final judgment consistent with our discussion below.

### *Child Support Determinations Generally*

"A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. However, whether a trial court's mathematical computations are correct is a question of law which is reviewed *de novo*." *King v. King*, 320 So. 3d 766, 767 (Fla. 4th DCA 2021) (internal citations, quotation marks, and brackets omitted). "The issue of imputation of income is reviewed for an abuse of discretion." *Mirabella v. Mirabella*, 301 So. 3d 1065, 1070 (Fla. 2d DCA 2019).

Pursuant to section 61.30(2)(a), Florida Statutes (2022), for purposes of calculating child support, parents' gross income includes, but is not limited to, the following:

1. *Salary or wages*.

2. Bonuses, commissions, allowances, overtime, tips, and other similar payments.

3. Business income from sources such as self-employment, partnership, close corporations, and independent contracts. "Business income" means gross receipts minus ordinary and necessary expenses required to produce income.

4. Disability benefits.

5. All workers' compensation benefits and settlements.

6. Reemployment assistance or unemployment compensation.

7. Pension, retirement, or annuity payments.

8. Social security benefits.

9. Spousal support received from a previous marriage or court ordered in the marriage before the court.

10. *Interest and dividends.*

11. *Rental income*, which is gross receipts minus ordinary and necessary expenses required to produce the income.

12. Income from royalties, trusts, or estates.

13. Reimbursed expenses or in kind payments to the extent that they reduce living expenses.

14. *Gains derived from dealings in property, unless the gain is nonrecurring*.

§ 61.30(2)(a)1.-14., Fla. Stat. (2022) (emphases added).

Pursuant to section 61.30(2)(b), Florida Statutes (2022):

> Monthly income shall be imputed to an unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary on that parent's part, absent a finding of fact by the court of physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community ....

§ 61.30(2)(b), Fla. Stat. (2022).

"A court's imputation of income must be supported by competent substantial evidence. ... The court is required to set forth the amount and source of the imputed income. If the court fails to do so, the case must be reversed and remanded for specific findings of fact." *Harbus v. Harbus*, 874 So. 2d 1230, 1230-31 (Fla. 4th DCA 2004) (internal citations omitted).

### *The Former Wife's Prospective Child Support Arguments*

Here, as an initial matter, the former husband's income was clearly identifiable, consisting only of his current $3,397.00 taxable pension payment, and his approximately $4,430.00 non-taxable disability payment. The former wife's pleadings did not request the circuit court to impute income to the former husband, or to find the former husband was voluntarily unemployed. Accordingly, the former wife's argument that the

3

circuit court "should be required to make findings as to whether [the former husband's] unemployment is voluntary or not" lacks merit.

However, the former wife's argument that the circuit court erred by imputing wage income and/or unrealized investment income to her has merit. Regarding imputation of wage income, section 61.30(2)(b), Florida Statutes (2022), provides: "Monthly income shall be imputed to an *unemployed or underemployed parent if such unemployment or underemployment is found by the court to be voluntary* on that parent's part ...." § 61.30(2)(b), Fla. Stat. (2022) (emphases added). Here, the final judgment contained no such findings. Further, at trial, the former husband's accounting expert testified he did not impute wage income to either party. Accordingly, to the extent the final judgment imputed wage income to the former wife, the circuit court erred.

The circuit court also erred to the extent its final judgment imputed unrealized investment income to the former wife, or considered as recurring income her "one-time" capital gains/stock sales. At trial, when the former wife was asked about her most recent financial affidavit, which listed her 2021 gross income as $238,421.00, the former wife testified she had liquidated those funds from her investment account "[t]o live ... off of and pay ... bills." The former wife later testified, while "the main purpose of each ... sale[] [of her] stock was to purchase a home," she also "used that [money from the sale of her stocks] to live off of because [she] had no [recurring] income except for the rental money." In other words, after the parties had separated, the former wife had been liquidating stocks to help pay for her living expenses. Presumably, until the former wife's circumstances change, she will continue to liquidate her remaining $1.3 million in stocks to help pay her living expenses, as the final judgment denied her request for alimony and, as she submits, her only other recurring income sources are her rental income and percentage of the former husband's pension payments.

With respect to the former wife's investment account, the former husband's accounting expert testified:

> [The former wife's investment account] was [worth] [$]1,400,000, but I rounded that [down] to $1,000,000. I looked at the Tesla stock here today and the value that it is, and it's ... close to [$]1,000,000, so I put four percent investment rate on that, and that came out to $3,333. I have on very many occasions testified to investment income on somebody's account. *So that's $3,333, ... monthly income* [for the former wife, in addition to her rental income and her

4

percentage of the former husband's monthly pension payment.]

(emphases added).

However, unlike the alimony statute, which requires a court, when calculating alimony, to consider "*all sources of income available to either party, including income available to either party through investments* of any asset held by that party," § 61.08(2)(i), Fla. Stat. (2022) (emphases added), the child support statute contains no such language. Thus, as the former wife's reply brief submits: "*Elliott v. Elliott*, 867 So. 2d 1198 (Fla. 5th DCA, 2004), [on] which [the former husband relies, is distinguishable, as it discusses] the determination of income under the alimony statute, not the child support guidelines." *Id.* at 1199-1200. *Cf. Sherlock v. Sherlock*, 199 So. 3d 1039, 1043 (Fla. 4th DCA 2016) ("It is well-settled that a court should impute income [for alimony purposes] that could reasonably be earned on a former spouse's liquid assets."). While the Fifth District in *Elliott* also held "in determining alimony *and child support*, the trial court had erred in failing to attribute *interest income* to the wife," *id.* at 1199 (emphasis added), here the record reflects the former wife's interest and dividend income was nominal.

Further, at trial, the former wife testified her stock sales were "one-off events." *See* § 61.30(2)(a)14., Fla. Stat. (2022) (gross income for child support purposes "shall include … [g]ains derived from dealings in property, *unless the gain is nonrecurring*") (emphases added). And, again, the record reflects the former wife's interest and dividend income was nominal. Thus, as her reply brief submits: "[The former husband's] [reliance on] *Rotolante v. Rotolante*, 22 So. 3d 684 (Fla. 5th DCA 2009)[, also] is misplaced as that matter was reversed for not including [the wife's] recurring investment income." In *Rotolante*, the Fifth District held:

> We also agree with the former husband that the trial court erred in not including the former wife's dividend and interest income on the Morgan Stanley account as income for purposes of calculating the parties' child support obligations. *She received ownership of the accounts pursuant to the parties' postnuptial agreements and they were already generating monthly income by the time the final order was entered.* Inclusion of these earnings in the wife's income was mandated by section 61.30(2)(a)(10) of the Florida Statutes.

*Id.* at 686-87 (emphases added).

Lastly, even if the circuit court had properly imputed unrealized investment income to the former wife, or included the non-recurring capital gains, the final judgment did not explain how the circuit court calculated its $5,349.33 amount for the former wife's additional monthly taxable income. As the Second District explained in *Carmack v. Carmack*, 277 So. 3d 185 (Fla. 2d DCA 2019):

> A trial court is required to determine the net income of each parent when determining a child support award under section 61.30, Florida Statutes … and the court must include adequate findings of such in the final judgment. *Addie v. Coale*, 120 So. 3d 44, 46 (Fla. 4th DCA 2013) (citing *Hindle v. Fuith*, 33 So. 3d 782, 786 (Fla. 5th DCA 2010)). Section 61.30 establishes a guidelines schedule that a trial court is required to apply in determining an award of child support, and a trial court's findings regarding the parties' incomes are necessary for an appellate court to determine if the child support award is a departure from the child support guidelines and, if so, whether the departure from the guidelines is justified. *M.M. v. J.H.*, 251 So. 3d 970, 972 (Fla. 2d DCA 2018) (quoting *Wilcox v. Munoz*, 35 So. 3d 136, 139 (Fla. 2d DCA 2010)). Consequently, "case law is 'well-settled that a trial court errs by failing to make findings of fact regarding the parties' incomes when determining child support.'" *Id.* at 972 (quoting *Wilcox*, 35 So. 3d at 139). "A trial court's failure to include factual findings regarding the parties' incomes for purposes of child support calculations renders a final judgment facially erroneous." *Id.* (citing *Wilcox*, 35 So. 3d at 139).

*Id.* at 186.

Here, as the former wife's initial brief submits:

> [T]he [circuit] [c]ourt [inserted] numbers into a child support guidelines worksheet without any findings regarding the source of the income, or whether the income was imputed or not. There is no evidence in the record to reconcile the [circuit] [c]ourt determining that the [former] [w]ife had additional monthly taxable income of $5,349.33.

Indeed, even using the former husband's accounting expert's calculations—which included unrealized investment income—the former wife's current gross monthly income totals $4,892.52. This amount consists of the former wife's rental income ($1,016.00), her purported four

6

percent investment rate on $1 million in stocks ($3,333.00), and her percentage of the former husband's current pension payment ($543.52). Thus, an approximate $457.00 discrepancy exists between the final judgment's $5,349.33 amount and the amount which the circuit court would have calculated if using the former husband's accounting expert's calculations, $4,892.52. While gross income for purposes of the child support statute includes "[i]nterest and dividends," *see* § 61.30(2)(a)10., Fla. Stat. (2022), again, the record reflects the former wife's interest and dividend income was nominal.

Based on the foregoing, we reverse and remand for the circuit court to determine the former wife's income that is supported by the record and then to recalculate the child support award accordingly. *Addie*, 120 So. 3d at 46.

### *The Former Wife's Retroactive Child Support Argument*

"Awards of retroactive child support are reviewed for an abuse of discretion." *Williams v. Gonzalez*, 294 So. 3d 941, 945 (Fla. 4th DCA 2020). "A trial court abuses its discretion when it denies retroactive child support where there is a demonstrated need for the child support and the parent has the ability to pay the retroactive support." *Dep't of Revenue o/b/o Simpson v. Carreira*, 313 So. 3d 175, 177 (Fla. 1st DCA 2021).

Here, the final judgment awarded retroactive child support for the months of October 2021 through December 2022, i.e., excluding June 2021 through September 2021. The final judgment then ordered child support to commence on May 1, 2023, but did not award child support for the months of January 2023 through April 2023.

No abuse of discretion occurred regarding the final judgment's exclusion of retroactive child support for June 2021 through September 2021. As the former husband's answer brief submits, the former wife "failed to show a need for support during th[at] time period[]." The former wife's final financial affidavit, filed in August 2022, reported her 2021 gross income as $238,421.00. The former husband, at the time of his June 2021 retirement, was earning $60,000.00 a year.

However, where the final judgment awarded the former wife retroactive child support for all of 2022, the circuit court did not explain why the final judgment then failed to award retroactive support from January 2023 through April 2023. Accordingly, we reverse and remand for the circuit court to clarify and/or recalculate the retroactive child support using the proper number of months over which the retroactive child support is owed.

*Affirmed in part, reversed in part, and remanded with directions.*

CIKLIN and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**