692 So.2d 1013 (1997)
Rosemary ALLISON, Appellant/Cross-Appellee,
v.
John R. ALLISON, III, Appellee/Cross-Appellant.
No. 95-3249.
District Court of Appeal of Florida, Fourth District.
May 7, 1997.
Deborah Marks, North Miami, for appellant/cross-appellee.
John R. Allison, III, Miami, pro se.
PER CURIAM.
Former Wife appeals and Former Husband cross-appeals the trial court's judgment on Former Wife's modification petition. We affirm in all respects, but reverse the award of rehabilitative alimony because it contains no specific findings as to any rehabilitative plan for Former Wife. Collinsworth v. Collinsworth, 624 So.2d 287, 291 (Fla. 1st DCA 1993). On remand, the trial court should fashion a plan that makes specific findings addressing the objective of rehabilitation, the costs of the plan, and the projected period necessary for Former Wife to complete her rehabilitation. Id.; see Wetzel v. Wetzel, 671 So.2d 234, 235-36 (Fla. 1st DCA 1996); Clance v. Clance, 576 So.2d 746, 747 (Fla. 1st DCA 1991).
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GUNTHER, C.J., and SHAHOOD, J., concur.
KLEIN, J., dissents with opinion.
KLEIN, Judge, dissenting.
Having found no evidence in this record that the wife is employable, or that she can be rehabilitated to be employable, I would reverse and direct the trial court to grant the wife's petition to convert her rehabilitative alimony to permanent alimony. See Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975).
When this 13 year marriage was dissolved in 1991, the wife was a 47 year old housewife with an eleventh grade education. The husband was a 44 year old lawyer earning $140,000. The court awarded the wife rehabilitative alimony which would have expired in October of 1996; however, the wife brought this action in 1994 to make the rehabilitative alimony permanent. The trial court extended her rehabilitative alimony for 2½ more *1014 years, decreasing the amount, with no explanation or findings as to how the wife could be rehabilitated.
After the dissolution, the wife joined WINGS, a group which trains displaced homemakers. She thereafter found a job, but was fired after 2½ days because she was not able to work fast enough on the computer. She then went to Florida Rehabilitative Services and was being trained to work with Easter Seals; however, before she finished that training she was diagnosed with breast cancer in March 1993. She had a mastectomy and 6 months of chemotherapy, during which she developed severe flu-like symptoms which made her ache all over.
A rheumatologist then diagnosed the wife as having a severe case of fibromyalgia, a disease which produces fatigue, musculoskeletal pain, pain and stiffness and difficulty sleeping. It was the rheumatologist's opinion that the wife was unemployable because of the fibromyalgia and, assuming her condition stayed the same, she would not be employable in the future.
As a result of these problems, in March of 1994 the wife went to a psychiatrist who determined that she was suffering from a major depressive episode and that she has chronic depression. She was hospitalized 3 times, because she was severely depressed and suicidal, from April 4th to April 16th, 1994; July 21st to August 1st, 1994; and March 1st to March 23rd, 1995. Her psychiatrist testified that she is not a malingerer and in his opinion she is not employable.
When the marriage was dissolved in 1991 the court awarded the wife rehabilitative alimony of $3,500 per month for 66 months. In this modification proceeding, the court extended the rehab alimony another 2½ years, but reduced it to $2,000 a month. He did require the husband to pay the wife's health insurance premiums which are presently $489 a month on a permanent basis, as well as non-covered medical expenses up to $2,000 a year on a permanent basis, both of which are in fact permanent alimony. I do not find any evidence which can support rehabilitation, nor do I find any evidence to support a denial of permanent alimony. I would reverse and direct the trial court to award permanent alimony in addition to the medical benefits.