922 So.2d 223 (2005)
Carrollyn Cox McCARTHY, Appellant,
v.
Kevin James McCARTHY, Appellee.
No. 3D04-2938.
District Court of Appeal of Florida, Third District.
December 7, 2005.
Rehearing and Rehearing Denied March 20, 2006.
*224 Greenman & Manz, and Franklin D. Greenman, Marathon, for appellant.
Russell H. Cullen, Key Largo, and James R. (Jack) Bridges, San Francisco, CA, for appellee.
Before RAMIREZ, WELLS, and CORTIÑAS, JJ.
Rehearing and Rehearing En Banc Denied March 20, 2006.
RAMIREZ, J.
Carrollyn Cox McCarthy appeals from the trial court's Amended Final Order of Dissolution of Marriage. We reverse because *225 the trial court's award to the former husband, Kevin James McCarthy, for the rental of the marital home while the former wife and the minor children are living in the home was in error. In addition, because there was no evidentiary basis for the trial court's determination that only repairs in excess of $3,000.00 are to be shared by the co-tenants, we reverse on this issue as well.
The parties were married on October 14, 1989, and had three children, who as of March 2005 were ages thirteen, ten and six. At the time of the parties' separation in August 2000, the mother was a marine biologist earning $38,070.00 a year, and the father was employed as a marine scientist making $34,800.00 a year. The parties' primary asset was the marital home.
At the time of the parties' separation, the father agreed to pay child support in the amount of $500.00 every two weeks but stopped making those payments in March 2001. The mother has continued to make all mortgage payments, taxes and insurance on the marital home from September 2000 to the present. Both parties requested custody of the minor children.
The parties' competing motions for custody and the mother's petition for temporary child support were heard before a General Master, who concluded that the mother be given temporary residential responsibility for the minor children with reasonable visitation to the father. Child support was ordered at $1,098.65 per month effective June 1, 2001. Retroactive child support was also ordered. The trial court adopted the report on August 13, 2001. Since then, the mother has had to take a second job as a waitress at a local restaurant and the father lost his job and moved to Miami-Dade County to find a new one.
Subsequently, the parties settled all their marital issues except over the marital home, particularly whether the father was entitled to credit for the mother's occupancy of the marital home. On October 28, 2004, the trial court awarded the mother the exclusive use, occupancy and possession of the marital home, and ordered her to continue to pay all mortgage payments, taxes, insurance and maintenance for the home. The court also granted her a credit, after the proceeds from a future sale were divided, for one-half of her actual expenses for mortgage payments, insurance, and taxes, as well as for repairs exceeding $3,000.00. The court further ordered a setoff against the wife's credit for the fair rental value of the property. The court reserved jurisdiction to determine the reasonable amount of rent for that period of time.
We conclude that the trial court erred in granting the father credit for an undetermined rental credit as a setoff against the mother's payment of all of the expenses on the marital home during her exclusive occupancy with the minor children. The non-residential parent is not entitled to rental value of the property during the residential parent's use and occupancy when the occupancy is for the benefit of the minor children and pursuant to court order. See Iodice v. Scoville, 460 So.2d 576, 577 (Fla. 4th DCA 1984). The Iodice case holds that, upon partition of the marital residence, which, in effect, will result when the parties sell the marital home, the spouse who is not in possession is not entitled to rental value of the property during the use and occupancy by the other spouse because the occupancy by the other spouse was for the benefit of the children and pursuant to court order. See also Kelly v. Kelly, 583 So.2d 667 (Fla. 1991).
The trial court found that the best interests of the McCarthy children would *226 be served by living with their mother. The exclusive occupancy of the marital home while the minor children reside there is considered a privilege which bars the husband, in this case, from receiving fair market rental value of the property. See Power v. Power, 387 So.2d 546 (Fla. 5th DCA 1980).
The trial court also found that the mother's exclusive possession of the home was "an incident of child support." According to Berger v. Berger, 559 So.2d 737 (Fla. 5th DCA 1990), when an owner's possession of the property is an aspect of court-ordered support, the nonresident may not claim rent, even though the resident owner has been granted the exclusive right to occupy the property, and even though the nonresident has been directed to pay his or her share of the property expenses.
Furthermore, Section 61.077, Florida Statutes, which establishes the criteria for determination of entitlement to setoffs and credits upon the sale of a marital home, does not authorize a rental credit to the out-of-possession co-tenant during the use of the marital home for the benefit of the minor children. Section 61.077(1), Florida Statutes (2004), requires that the court consider the grounds upon which exclusive use and possession of the home is being awarded in determining whether there is a setoff. Accordingly, we reverse the trial court's order with respect to the setoff for rental value issue.
Additionally, the trial court's determination that the mother should be reimbursed for maintenance costs only if they exceed $3,000.00 is not supported by competent evidence. Upon dissolution of marriage, the tenants of an estate by the entirety become tenants in common. See Brandt v. Brandt, 525 So.2d 1017, 1019 (Fla. 4th DCA 1988). See also Hernandez v. Hernandez, 645 So.2d 171 (Fla. 3d DCA 1994). As co-tenants, each is ultimately liable for his or her proportionate share of the obligations of the property, including taxes, mortgage payments, insurance and maintenance and repair.
Generally, if one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share. But where the final judgment of dissolution of marriage awards one co-tenant the exclusive possession of the marital domicile and directs that co-tenant to pay all or some of the obligations of the property such as taxes, liens and repairs, the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold. However, upon partition or other sale, the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant's proportionate share of those expenses. Lyons v. Lyons, 208 So.2d 137, 139 (Fla. 3d DCA 1968).
The record does not reflect any discussion or testimony regarding the necessity for repairs or the value of repairs or maintenance to the subject marital home. Thus, there was no evidentiary basis for the trial court's determination that only repairs in excess of $3,000.00 are to be shared by the co-tenants. For example, it is not clear whether the trial court meant $3,000 per repair or $3,000 per year. We thus reverse on this issue.
At oral argument, the wife requested that this Court clarify the ambiguity in the first paragraph.[1] The trial court should *227 amend that paragraph to reflect that the wife gets credit for all the payments she makes.
Reversed and remanded for further proceedings in accordance with this opinion.
NOTES
[1] The first paragraph states: "a. Petitioner/Wife shall have exclusive use, occupancy, and possession of the marital home until such time as the impediments of minority are removed from the parties' youngest child. After this occurs, the marital home shall be sold and proceeds evenly divided between the parties."