951 So.2d 924 (2007)
Giovanni COSTA, Appellant,
v.
Janet L. COSTA, Appellee.
No. 4D06-688.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Rehearing Denied April 16, 2007.
*925 Nancy W. Gregoire of Bunnell Woulfe Kirschbaum Keller McIntyre Gregoire & Klein, P.A., Fort Lauderdale, for appellant.
Margherita Downey of Law Offices of Glantz & Glantz, P.A., Plantation, for appellee.
POLEN, J.
Appellant, Giovanni Costa, appeals two issues relating to the trial court's order of dissolution of marriage with the former wife, Appellee, Janet Costa. In the final order, the trial court awarded Janet permanent periodic alimony in the amount of $750 per month, as well as lump sum alimony of $500, and exclusive use and possession of the marital home until the children reached the age of majority. When the children reached the age of majority, the order provided that the home would be sold, and Janet would be given a credit for 100% of the mortgage, taxes, and insurance and maintenance payments she had made. Giovanni argues that the trial court erred in awarding Janet $750 in permanent periodic alimony, as she was fully capable of working full-time and supporting herself, and in awarding her a 100% credit for all payments made while in receipt of the house. We find merit in both of Giovanni's arguments and reverse and remand.
Alimony awards are reviewed using an abuse of discretion standard. Nichols v. Nichols, 907 So.2d 620, 622 (Fla. 4th DCA 2005). "If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (quoting Delno v. Mkt. St. Ry. Co., 124 F.2d 965, 967 (9th Cir.1942)). "In determining whether to award permanent periodic alimony, the trial court must consider the needs of the spouse requesting the alimony and the ability of the other spouse to make alimony payments." Segall v. Segall, 708 So.2d 983, 987 (Fla. 4th DCA 1998). "The trial court is required to consider the statutory factors of section 61.08(2), Florida Statutes, and the failure to consider these enumerated factors, or to make factual findings related to these factors, is reversible error." Nichols, 907 So.2d at 622. In most cases, permanent periodic alimony is awarded where one party has sacrificed a career for the advancement of the other's career, the earnings of one party are much smaller than the other's and there is no evidence showing that the lesser earning party can increase their earnings to a more equal level. See Fontana v. Fontana, 617 So.2d 418 (Fla. 1st DCA 1993). "The purpose of permanent periodic alimony is not to divide future income to establish financial equality." Rosecan v. Springer, 845 So.2d 927, 930 (Fla. 4th DCA 2003).
We find the trial court's award of alimony was not an abuse of discretion. After listening to the evidence, the trial court determined that Janet had a need for alimony and Giovanni had the ability to pay *926 some alimony. The parties had been married for approximately eighteen years and had two minor children. Throughout the marriage, Giovanni was the primary breadwinner, taking care of the household bills, etc.
However, while the record supports the finding that Janet was in need of alimony, we find the trial court should have awarded bridge-the-gap or temporary alimony rather than permanent periodic alimony. At trial, Janet's counsel asked only that Janet be awarded "the house lump sum alimony so she could take a mortgage on it and get herself a car. Or alternatively, Your Honor, if you would be inclined to give her temporary alimony for four years until [the youngest child] gets out of high school. . . ." Other than the initial complaint, there was no request for periodic permanent alimony. Janet's request indicated that she was in need of alimony until the children reached the age of majority. Therefore, we find the trial court's award of permanent periodic alimony exceeds Janet's needs, as put forth by her at trial. See Rosecan v. Springer, 845 So.2d 927 (Fla. 4th DCA 2003). We reverse the trial court's award of permanent periodic alimony and remand for reconsideration of the type of alimony to be awarded, either lump-sum or bridge-the-gap alimony. The trial court has the discretion to modify the alimony award by relying on record evidence or by entertaining additional testimony.
As for Giovanni's second issue on appeal, we find the trial court erred in awarding Janet a credit for 100% of the house expenses she will incur while in possession of the marital home. Giovanni relies on McCarthy v. McCarthy, 922 So.2d 223 (Fla. 3d DCA 2005) for his assertion that Janet should only receive a credit for 50% of expenses that constituted his obligation for the marital home.
In McCarthy the trial court awarded the former wife exclusive use and possession of the marital home, finding such an award was in the best interests of the children. Id. at 225-26. The trial court also determined that when the children reached the age of majority and the marital home was sold, the former wife would receive a credit for one-half of the expenses she put out for the marital home, presumably for the former husband's unpaid share. Id. at 225. The trial court stated:
Upon dissolution of marriage, the tenants of an estate by the entirety become tenants in common. As co-tenants, each is ultimately liable for his or her proportionate share of the obligations of the property, including taxes, mortgage payments, insurance and maintenance and repair.
Generally, if one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share. But where the final judgment of dissolution of marriage awards one co-tenant the exclusive possession of the marital domicile and directs that co-tenant to pay all or some of the obligations of the property such as taxes, liens and repairs, the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold. However, upon partition or other sale, the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant's proportionate share of those expenses.
Id. at 226.
Based on the holding in McCarthy, we find the trial court abused its discretion in awarding a 100% post-sale credit to Janet for all expenses relating to the marital home. We reverse this issue and remand with instructions to modify the equitable *927 distribution chart to credit Janet with only 50% of the expenses incurred prior to sale.
We reverse the portions of the trial court's order awarding permanent periodic alimony to Janet and awarding Janet a 100% credit for household expenses after the sale of the marital home, and remand for modifications consistent with this opinion.
GUNTHER and HAZOURI, JJ., concur.