NORTHCUTT, Chief Judge.
John Sweet raises a number of issues regarding the final judgment dissolving his long-term marriage to Angela Sweet. We affirm, save for the following issues.
First, we agree with Mr. Sweet that the trial court should have reduced his temporary child support obligation for the period of his substantial shared parenting under the temporary schedule for rotating custody. See § 61.30(11)(b), Fla. Stat. (2006) (providing mandatory child *92 support adjustment when support-paying parent exercises visitation on at least forty percent of overnights); Keeley v. Keeley, 899 So.2d 387 (Fla. 2d DCA 2005). Accordingly, we reverse and remand for the court to credit Mr. Sweet with a retroactive reduction for the period of rotating custody.
The next issue involves the marital home. The trial court ordered the home sold and the proceeds essentially divided equally. Until the sale, Mrs. Sweet and the parties’ two children are to have exclusive use and occupancy of the home, and the temporary support order, which included sums for the property expenses, is to remain in effect. Mr. Sweet contends that in the division of the sales proceeds, he should be given credits for the home’s fair rental value during Mrs. Sweet’s exclusive occupancy and for the postdissolution mortgage payments.
The supreme court has explained that in a dissolution case, a party’s entitlement to credit for rental value depends on the circumstances: “If such person is ousted by a court order following a marriage dissolution, and no reimbursement for rental value is provided in that judgment, it is assumed that the trial judge intended that there be none.” Kelly v. Kelly, 583 So.2d 667, 668 (Fla.1991). In this case, the final judgment expressly found that it would be in the children’s best interest to remain in the marital home. This supports our assumption that the court intended Mrs. Sweet’s exclusive occupancy to be an incident of child support. See § 61.075(1)(h) (allowing court in equitable distribution to maintain marital residence for dependent children when in children’s best interests); Smith v. Smith, 912 So.2d 702 (Fla. 2d DCA 2005) (citing § 61.075(1)(h) and affirming wife’s exclusive occupancy of marital home with minor children as incident of child support); see also McCarthy v. McCarthy, 922 So.2d 223, 226 (Fla. 3d DCA 2005) (“The exclusive occupancy of the marital home while the minor children reside there is considered a privilege which bars the husband, in this case, from receiving fair market rental value of the property.”). For this reason, we reject Mr. Sweet’s claim to a credit for rental value.
However, we remand for the court to further address the setoffs and credits that will apply when the house is ultimately sold. See § 61.077 (providing factors to determine credits and setoffs upon sale of marital home). Here, Mrs. Sweet is required to pay the mortgage, taxes, etc., while living in the marital residence, and normally this might result in a credit to her upon sale of the residence. But as we have mentioned, the final judgment ordered Mr. Sweet to continue paying the temporary support amount until the house is sold. That award included funds for the payment of the property expenses. Upon the sale of the home and disbursement of the proceeds, Mr. Sweet must begin paying permanent alimony in an amount that is substantially less than required by the temporary support order. This arrangement gives credence to Mr. Sweet’s argument that he, in fact, is paying the mortgage and property expenses. See § 61.077(2) (requiring court to consider whether alimony is being awarded to cover expenses of marital home when determining credits and setoffs on sale of home).
Finally, we agree that the trial court erred in failing to attach to the final judgment an exhibit reflecting the parties’ assets and liabilities. On remand, the appropriate exhibit shall be attached to the amended final judgment.
*93 Affirmed in part, reversed in part, and remanded.
FULMER, J., and CANADY, CHARLES T., Associate Judge, Concur.