PER CURIAM.
The husband, Robert Addie, appeals a final judgment of dissolution of marriage. We reject all of the husband’s challenges to the adequacy of the trial court’s findings.[1] However, on the merits, we reverse for recalculation of the child support award and also reverse the denial of the husband’s request for alimony. We decline to disturb the trial court’s denial of the husband’s request for fees and costs.

Child Support

Child support awards must be supported by competent substantial evidence. Hindle v. Fuith, 33 So.3d 782, 786 (Fla. 5th DCA 2010). In making an award of child support under section 61.30, Florida Statutes (2011), the trial court is required to determine the net income of each parent and to include adequate findings in the final judgment. Id.
Here, the trial court’s determination of the wife’s net income was not supported by competent substantial evidence. The trial court relied upon the wife’s Fifth Financial Affidavit in determining that her net income was $24,407 per month. However, the wife admitted at trial that this affidavit understated her true income. Further, the wife’s expert testified that the wife’s net income was actually about $67,000 per month. Even if the trial court believed the wife’s testimony that she was facing an imminent decline in income of about $20,000 a month due to increased expenses for her business, her net income would still be substantially higher than the figure the trial court used to calculate child support.
We therefore reverse and remand for the trial court to make a determination of the wife’s income that is supported by the record and then to recalculate the child support award accordingly.

Alimony

A trial court’s alimony determination is reviewed using an abuse of discretion standard. Costa v. Costa, 951 So.2d 924, 925 (Fla. 4th DCA 2007). If reasonable minds “could differ as to the propriety of the action taken by the trial *47 court, then it cannot be said that the trial court abused its discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). An award of alimony must be predicated on evidence that the requesting spouse has a need for the alimony and that the other spouse has the ability to pay. E.g., Zeballos v. Zeballos, 951 So.2d 972, 974 (Fla. 4th DCA 2007).
Permanent alimony is designed to provide for the needs and necessities of life for a former spouse as they were established during the marriage of the parties. Mallard v. Mallard, 771 So.2d 1138, 1140 (Fla.2000).
To award permanent alimony, the trial court must determine that no other form of alimony is fair and reasonable under the circumstances of the parties. § 61.08(8), Fla. Stat. (2011). The purpose of permanent periodic alimony “is not to divide future income to establish financial equality.” Rosecan v. Springer, 845 So.2d 927, 929 (Fla. 4th DCA 2003). Accordingly, disparity in income alone does not justify an award of permanent periodic alimony. Id. However, requiring a spouse to deplete capital assets in order to maintain his or her standard of living is improper. Hanks v. Hanks, 553 So.2d 340, 343 (Fla. 4th DCA 1989).
An intermediate form of alimony called “durational alimony” may be awarded when permanent alimony is inappropriate. § 61.08(7), Fla. Stat. (2011). “The purpose of durational alimony is to provide a party with economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis.” Id.
This was a “moderate-term” marriage within the meaning of section 61.08(4), Florida Statutes (2011). In a gray area or moderate term marriage, the disparate earning power of the parties is a significant factor in determining whether permanent or temporary support is appropriate. Wofford v. Wofford, 20 So.3d 470, 474 (Fla. 4th DCA 2009). As a “gray area” or “moderate-term marriage” under section 61.08(4), there is no presumption for or against permanent alimony. Nousari v. Nousari, 94 So.3d 704, 706 (2012).
Above all, while a trial court need not equalize the financial position of the parties, “a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be ‘shortchanged.’ ” Canakaris, 382 So.2d at 1204.
We conclude that the trial court’s decision to deny any alimony to the husband was an abuse of discretion. Here, it cannot be disputed that the wife had the ability to pay alimony from her current income. Furthermore, while the husband’s income was a hotly disputed issue at trial, the trial court specifically found the husband’s net monthly income to be $5,115 for child support purposes. Moreover, assuming that the husband’s claimed expenses (over $20,000 per month) were somewhat excessive, it is notable that even the wife’s expert acknowledged that the husband’s reasonable expenses totaled $12,626 per month. Thus, even based solely upon the wife’s expert’s figures regarding the husband’s reasonable expenses, the husband would be running a significant monthly deficit and consequently would be shortchanged by a failure to award him alimony.
Although the trial court need not award the amount of alimony that the husband requested, we reverse the complete denial of alimony and remand for reconsideration. We leave it to the trial court’s discretion to *48 determine the appropriate form of alimony.

Attorney’s Fees

The standard of review of a fee award in a dissolution proceeding is abuse of discretion. Phillips v. Ford, 68 So.3d 257, 258 (Fla. 4th DCA 2010)..
The party seeking fees has the burden of proving the reasonableness and the necessity of the fee sought. Baker v. Baker, 35 So.3d 76, 77 (Fla. 2d DCA 2010); Safford v. Safford, 656 So.2d 485, 486 (Fla. 2d DCA 1994). In cases where the divorce leaves the “poorer” spouse “with a substantial equitable distribution, courts have either reversed a total or partial award of attorney’s fees or affirmed a denial of attorney’s fees.” Von Baillou v. Von Baillou, 959 So.2d 821, 824 (Fla. 4th DCA 2007).
Here, notwithstanding the disparity in income (a disparity that will be reduced once the trial court awards alimony on remand), we find no abuse of discretion in the denial of the husband’s request for fees and costs. The husband received a substantial distribution of assets based on the parties’ Partial Agreement and the final judgment.[2] It cannot be said that no reasonable judge would have denied the husband’s request for fees, particularly in light of the husband’s failure to be forthcoming on his financial affidavits about the value of his assets. In short, we conclude that the husband failed to meet his burden of proving that he had a need for the wife to contribute to his fees.

Unresolved Motions

Finally, the husband argues that the trial court abused its discretion in failing to reserve jurisdiction in the final judgment to determine two unresolved motions that were properly before the trial court: 1) Husband’s Notice of Wife’s Noncompliance with Order to Attend Therapy and Motion to Compel Wife’s Compliance with Order and for Sanctions; and 2) Husband’s Motion to Compel Compliance with Parties’ Partial Agreement.
Here, it is unnecessary to address the issue of whether the trial court needed to make a specific reservation of jurisdiction as to these two motions.[3] Because we are reversing the final judgment for reconsideration of child support and alimony, we direct the trial court to consider the husband’s unresolved motions on remand.

Conclusion

We reverse the final judgment for reconsideration of child support and alimony, and we direct the trial court to consider the husband’s unresolved motions on remand. We find no reversible error or abuse of discretion as to any other issue or argument raised by the husband.

Affirmed in part, Reversed in part, and Remanded.

TAYLOR and CIKLIN, JJ„ and ROBINSON, MICHAEL A., Associate Judge, concur.

. For example, the husband complains about the lack of specific findings as to the value of certain assets, but the husband's own financial affidavits listed the value of these assets as ‘‘undetermined.” Further, the husband's own proposed final judgment generally did not attempt to place a value on the marital assets. While there may have been some evidence presented that was relevant to the valuation issue, on this record we fail to see how the trial court could be expected to value these assets properly.

. The final judgment provided that all assets not distributed in the parties’ Partial Agreement would be distributed equally to the parties.

. It is possible, although we need not decide the issue, that the trial court's general reservation of jurisdiction would have been sufficient to allow the court to consider these motions even after the entry of the final judgment.