DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

THOMAS JASON SAXON,

Appellant,

v.

HOLLY HOLLEMAN SAXON,

Appellee.

No. 2D2023-0117

_____

August 7, 2024

Appeal from the Circuit Court for Pinellas County; Steve D. Berlin,
Judge.

Brandon S. Vesely and Shannon Troutman of The Florida Appellate Firm,
P.A., St. Petersburg, for Appellant.

Amber Patwell of Amber Patwell Law, St. Petersburg, for Appellee.


SLEET, Chief Judge.

Thomas Saxon (the Former Husband) appeals the final judgment of
dissolution of his marriage to Holly Saxon (the Former Wife). We reverse
the portion of the final judgment that reserves jurisdiction for five years
to determine future liabilities and the portion that determines the rental

credit owed to the Former Husband.  We affirm the final judgment in all other respects.

The trial court reserved jurisdiction for five years to determine the equitable distribution of any prospective debt owed to the Former Wife's mother Susan Holleman which might develop.  This retention was improper as there is no record evidence of any unquantified, unliquidated, or future debt owed by the parties.  "[P]arties are entitled to a final distribution of their assets and liabilities at the time of dissolution." *McAvoy v. McAvoy*, 662 So. 2d 744, 745 (Fla. 5th DCA 1995) (reversing where "trial court reserved jurisdiction to determine the equitable distribution of any asset or liability which might develop" after entry of the final judgment).  Therefore, we reverse and remand this portion of the final judgment.  On remand, the reservation of jurisdiction is to be removed from the final judgment.

The trial court also determined that the Former Husband was entitled to half the rental value of the marital home beginning October 1, 2021.  There is no evidence in the record to support this date as the start date for computation purposes.  Rather, the date that should have triggered the computation of the rental period was the date that the parties' minor child reached the age of majority.  *See McCarthy v. McCarthy*, 922 So. 2d 223, 225 (Fla. 3d DCA 2005); *Berger v. Berger*, 559 So. 2d 737, 739 (Fla. 5th DCA 1990).  Accordingly, we reverse this portion of the final judgment.  On remand, the beginning computation date shall be changed to the child's eighteenth birthday.

Affirmed in part; reversed in part; remanded.

KELLY and VILLANTI, JJ., Concur.

_____

Opinion subject to revision prior to official publication.