DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AARON SMITH,**
Appellant,

v.

**JULIE CHEVILLET,**
Appellee.

No. 4D2023-2589

[January 8, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Darren D. Shull, Judge; L.T. Case No. 502020DR005162XXXMB.

Troy W. Klein of the Law Office of Troy W. Klein, P.A., West Palm Beach, for appellant.

Stephen P. O'Toole, West Palm Beach, for appellee.

MAY, J.

The former husband appeals a final judgment of dissolution and the denial of his motion for rehearing. He argues: (1) the trial court erred in awarding the former wife alimony without making required findings of fact; (2) the rehabilitative alimony award is unsupported by competent substantial evidence; (3) the court erred in failing to credit the former husband's payments as in-kind income to the former wife and as a reduction of the former husband's income; and (4) the court erred in denying the motion for rehearing. We reverse in part and affirm in part.

- *The Facts*

The parties married in 2007 and have one minor child. The former husband is a neurosurgeon; the former wife is an orthopedic surgeon.

From 2010 to 2017, the family lived in Brevard County, where the former wife earned a peak salary of approximately $350,000 in 2016. In 2017, they relocated to Palm Beach County for the former husband's career opportunities. Following the move, the former husband's income increased to over $900,000, while the former wife struggled to find suitable employment, reporting approximately $90,000 in income for 2018.

The former husband filed for dissolution of the marriage in 2020. At the trial, the former wife testified she earned only $8 per month and owed her employer $18,000 in 2022, which the court did not find credible. She had applied for dozens of positions in various states but had difficulty securing a job in her pediatric orthopedic specialty.

In its final judgment, the trial court initially made determinations regarding equitable distribution. More significantly, the court addressed spousal support in two ways. First, based on an "open discussion" between the former husband's counsel and the trial court judge, the former husband agreed to pay the former wife's expenses for four years. This included the mortgage, insurance, property taxes, the former wife's medical and dental insurance, pet grooming, the child's extracurricular activities, graduation expenses, summer camp, field trips, automobile expenses, and other costs, totaling over $8,000 per month.

Second, the trial court analyzed the factors for awarding rehabilitative alimony under section 61.08, Florida Statutes (2023). The court found the former wife's income and employment opportunities were negatively impacted by the relocation, while the former husband's income substantially increased. The trial court found the former wife had a need for rehabilitative alimony and a plan to retrain in the subspecialty of joint arthroplasty to increase her income to within 80% of her prior salary. The court awarded the former wife $3,300 for the training course registration fee and an additional $2,000 per month for 36 months in rehabilitative alimony.

The trial court found the former wife's testimony that she earned only $8 per month "inconceivable." The trial court deemed the spousal support payments family support, stating that the payments "shall cease upon the [child's] high school graduation[.]" In determining child support, the trial court imputed $2,000 in net monthly income to the former wife instead of using the former wife's alleged income.

The former husband moved for rehearing, arguing no record evidence supported the specific rehabilitative alimony award or retraining plan. The court denied the motion. The former husband now appeals.

- *The Analysis*

  - **The rehabilitative alimony award is neither supported by statutorily required findings nor competent substantial evidence.**

The former husband first argues the trial court erred in failing to make the statutorily required factual findings for the rehabilitative alimony award. Because the former husband failed to raise this issue in his motion for rehearing, the issue is unpreserved. Fla. Fam. L. R. P. 12.530(a).

2

The former husband next argues the trial court erred in awarding the former wife rehabilitative alimony. He suggests no competent substantial evidence supported the award, and the former wife failed to present a sufficient rehabilitative plan. The former wife responds the award was within the trial court's discretion based on the evidence of her reduced income after relocating and the former husband's own suggestion that she could benefit from retraining.

We review an alimony award for an abuse of discretion. *Addie v. Coale*, 120 So. 3d 44, 46 (Fla. 4th DCA 2013) (citing *Costa v. Costa*, 951 So. 2d 924, 925 (Fla. 4th DCA 2007)). "If reasonable minds 'could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.'" *Id.* at 46–47 (quoting *Canakaris v. Canakaris*, 382 So. 2d 1197, 1203 (Fla. 1980)).

Rehabilitative alimony may be awarded to help a party become self-supporting through either: "(1) [t]he redevelopment of previous skills or credentials; or (2) [t]he acquisition of education, training, or work experience necessary to develop appropriate employment skills or credentials." § 61.08(6)(a)(1)-(2), Fla. Stat. (2023). A "specific and defined rehabilitative plan" must also be included in the order. § 61.08(6)(b), Fla. Stat. (2023). The plan must address "the objective of rehabilitation, the costs of the plan, and the projected period necessary for [completion][.]" *Allison v. Allison*, 692 So. 2d 1013, 1013 (Fla. 4th DCA 1997) (citing *Collinsworth v. Collinsworth*, 624 So. 2d 287, 291 (Fla. 1st DCA 1993)).

A review of the hearing transcript reveals only a discussion between the court and counsel at the end of the trial; it does not contain substantial competent evidence to support the court's rehabilitative alimony award. And the former wife failed to provide a "specific and defined rehabilitative plan." This requires us to reverse the alimony award and remand the case for further proceedings consistent with this opinion.

- **The court erred in relying on a discussion at trial in awarding spousal support.**

The former husband next argues the trial court erred in awarding spousal support to the former wife based on a discussion that occurred between counsel and the court at the end of the trial. The former wife responds the former husband clearly agreed to the payments in response to direct questioning from the court.

We review the spousal support award for an abuse of discretion. *See Addie*, 120 So. 3d at 46 (citing *Costa*, 951 So. 2d at 925).

3

While section 61.08 requires specific factual findings regarding the factors listed in subsection (2), an exception exists where the parties have entered into a valid agreement regarding spousal support on the record. *Chovan v. Chovan*, 90 So. 3d 898, 901 n.1 (Fla. 4th DCA 2012).

Here, the issue was discussed near the end of the trial, but both parties did not clearly and unequivocally assent to a spousal support agreement on the record. The former husband's counsel agreed to the trial court's spousal support proposal to pay the mortgage for four years and then quitclaim the deed to the former wife. However, neither the former husband nor the former wife clearly accepted the trial court's proposal. Rather, the former wife's counsel expressed concern about the feasibility of the arrangement.

> Judge -- and I appreciate . . . those ideas . . . but . . . . There's a $500,000 mortgage on the house . . . . that means she's going to have to . . . qualify for that mortgage on her own, and I don't know - - I would hope that she could in four years, but I'm not optimistic based upon all of this evidence that I've seen about her getting a job here in Palm Beach County.

The former wife's counsel further emphasized the lack of evidence regarding the former wife's ability to refinance the mortgage and obtain suitable employment. And the extent of the former husband's willingness to pay the mortgage for four years was simply his counsel's statement, but it did not include what would happen at the end of the four years.

An enforceable oral marital settlement agreement requires clear and unequivocal assent from both parties on the record. *Chovan*, 90 So. 3d at 902 n.1. Here, neither the former wife, her counsel, nor the former husband provided such assent. Without mutual assent, no binding agreement excepted the statutory requirement of specific factual findings under section 61.08. Further, the details of any purported agreement are also absent from the discussion. For these reasons, the spousal support award is reversed and the case remanded for a trial court determination based on the evidence and not on an informal discussion.

- **The court erred in failing to consider the former husband's spousal support payments in calculating the parties' respective incomes.**

In his last issue, the former husband argues the trial court erred in failing to consider the former husband's spousal support payments to the former wife in calculating the parties' income for child support purposes. The former husband argues the trial court was required to include those payments as income to the former wife and as a reduction in his income. The former wife responds the former husband's spousal support payments should be considered interrelated

remedies within the trial court's discretion to achieve equity between the parties. Once again, we agree with the former husband.

We review a child support award for an abuse of discretion. *Henry v. Henry*, 191 So. 3d 995, 997 (Fla. 4th DCA 2016) (citing *McKenna v. McKenna*, 31 So. 3d 890, 891 (Fla. 4th DCA 2010)). We have de novo review of the framework used to calculate child support. *Waldera v. Waldera*, 306 So. 3d 1037, 1039 (Fla. 3d DCA 2020) (citing *Lafferty v. Lafferty*, 134 So. 3d 1142, 1144 (Fla. 2d DCA 2014)).

Section 61.30, Florida Statutes (2023), governs the calculation of child support and the determination of each parent's income. "Gross income shall include . . . [s]pousal support received from a previous marriage or court ordered in the marriage before the court." § 61.30(2)(a)9, Fla. Stat. (2023). "Net income is obtained by subtracting allowable deductions from gross income . . . [which] include[s]: [s]pousal support paid pursuant to a court order from a previous marriage or the marriage before the court." § 61.30(3)(g), Fla. Stat. (2023).

Here, the trial court erred in calculating the parties' incomes for child support purposes under section 61.30. The trial court ordered the former husband to pay over $8,000 per month to the former wife for the mortgage, taxes, insurance, utilities, and other household expenses, expressly characterizing these payments as "spousal support." But in determining child support, the trial court attributed only $2,000 per month as net monthly income to the former wife, reflecting only the rehabilitative alimony award. The trial court also failed to deduct the $8,000+ monthly spousal support obligation from the former husband's gross income in calculating his net income, instead relying on his October 2020 financial affidavit.

These omissions violated the statutory requirements of sections 61.30(2)(a)9 and 61.30(3)(g) for child support determinations. We therefore reverse the child support determination and remand the case for a recalculation of the parties' incomes and an appropriate child support award.

*Reversed and remanded.*

WARNER and GROSS, JJ., concur.

\*       \*       \*

**_Not final until disposition of timely filed motion for rehearing._**

5